JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
LANDAU LAW LLP
141 South Windsor Blvd.
Los Angeles, California 90004
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01150-SC |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>Plaintiff,<br><br>v.<br><br>HONDA AIRCRAFT COMPANY, LLC, a Delaware limited liability company,<br><br>Defendant. | **PLAINTIFF TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE CONTEMPT AGAINST INTERNAL REVENUE SERVICE FOR FAILURE TO COMPLY WITH DOCUMENT AND DEPOSITION SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[No hearing required unless set by the Court pursuant to Local Bankruptcy Rule 9020-1(d)(2)] |

**PLEASE TAKE NOTICE** that, pursuant to Local Bankruptcy Rule ("LBR") 7026-1(c)(5) and LBR 9020-1, plaintiff Richard A. Marshack, Chapter 7 trustee (the "Trustee") for Eagan Avenatti, LLP ("EA"), hereby moves the Court (the "Motion") for issuance of an order to show cause ("OSC") requiring the Internal Revenue Service (the "IRS") to file a written explanation and appear before the Court at a time and date to be determined by the Court (the "Show Cause Hearing") to show cause why the Court should not enter an order (the "Contempt Order") that:

1. Adjudges the IRS to be in civil contempt of court for:

    a. Failing to comply with the document subpoena served on the IRS on March 9, 2022 (the "Document Subpoena"), by failing to produce (i) all documents that support or relate to the following statement made at ECF page 144 of 198 of the declaration of IRS agent Remoun Karlous included in docket number 1 of Central District of California Case No. 8:19-cv-00061-JVS: "Avenatti also appears to have evaded the assessment and collection of federal income taxes during this tax years [2011 through 2017] by using the entities he controlled, such as . . . EA LLP . . . to hide and conceal his personal income," or (ii) to the extent that responsive documents are withheld based on the alleged applicability of one or more privileges, Federal Rule of Criminal Procedure 6(e) ("Rule 6(e)"), and/or 26 U.S.C. § 6103 ("Section 6103"), a privilege log that (a) lists the date, type, general subject matter, creator(s), and (for email or other correspondence) the sender(s) and recipient(s) of each responsive document, (b) for documents the IRS contends are privileged, identifies the specific privilege(s) claimed as to each such document, and provides sufficient information for the Court to determine whether the privilege applies, (c) for documents as to which the IRS claims Rule 6(e) applies, provides sufficient information regarding each document and its connection to the grand jury for the Court to determine whether its disclosure would reveal the secret workings of the grand jury, and (d) for documents as to which the IRS claims Section 6103 applies, provides sufficient information for the Court to determine whether each document constitutes tax information protected from disclosure under Section 6103;

    b. Failing to comply with the deposition subpoena served on the IRS on March 9, 2022 (the "Deposition Subpoena," and, with the Document Subpoena, the "Subpoenas"), by failing to designate, educate, and make available one or more witnesses to testify at a deposition

1

regarding the subjects listed originally in the Deposition Subpoena and more specifically (pursuant to the IRS' request) in the list of questions attached as Exhibit G (the "Listed Questions") to the concurrently filed declaration of Monica Rieder (the "Rieder Declaration"); and

      c.      Failing to comply with the Subpoenas by failing to provide, either in the form of one or more declaration(s) or by designating and making available one or more witnesses to testify at a deposition, sworn testimony sufficient to (i) authenticate all documents produced by the IRS to the Trustee (the "Produced Documents") and (ii) as to the Produced Documents that qualify for the hearsay exception(s) in Federal Rule of Evidence ("FRE") 803(6) and/or 803(8), establish that those documents qualify for that exception or exceptions;

      2.      Requires the IRS to, within 21 days after entry of the Contempt Order, (a) produce all non-privileged documents responsive to the document request set forth in paragraph 1(a) above and a privilege log that complies with paragraph 1(a) for all responsive documents being withheld; (b) provide sufficient sworn testimony, by providing one or more sworn declarations and/or producing one or more educated witnesses, to answer fully all of the Listed Questions; and (c) provide sufficient sworn testimony, by providing one or more sworn declarations and/or producing one or more educated witnesses, to (i) authenticate the Produced Documents and (ii) as to the Produced Documents that qualify for the hearsay exception(s) in FRE 803(6) and/or 803(8), establish that those documents qualify for that exception or exceptions; and

      3.      Sets a further hearing for approximately 28 days after entry of the Contempt Order, at which the parties can raise any issues that remain regarding the IRS' compliance, or lack thereof, with the Contempt Order, and the Court can enter any further orders that are necessary, including (i) ordering briefing on any contested issues (such as the applicability of any privileges or other grounds for withholding documents asserted by the IRS), (ii) if the Court finds the IRS has not fully complied with the Contempt Order and coercive sanctions are available and appropriate, imposing coercive sanctions on the IRS (in the form of a daily accumulating monetary penalty until the IRS has fully complied with the Contempt Order), and/or (iii) if the Court determines compensatory sanctions are available and appropriate, imposing compensatory sanctions on the IRS (in the form of an order to pay to EA's estate part or all of the fees and costs

1  incurred by the Trustee in all litigation associated with the Motion).

2        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure
3  ("FRCP") 45(g), LBR 7026-1(c)(5), LBR 9020-1, and applicable case law, the IRS should be held
4  in contempt for its unjustified failure to comply with the Subpoenas by failing to provide the
5  documents and testimony sought by this Motion.  As set forth in the concurrently filed Summary
6  of Parties' Positions, the Trustee is entitled to those documents and testimony because they are
7  relevant to proving the Trustee's claims in this adversary proceeding – namely, that the transfers at
8  issue were made with the intent to hinder, delay, and/or defraud one or more of EA's creditors
9  (including the IRS), and/or, as to any transfers made within four years prior to EA's bankruptcy
10 filing, that the transfers were made while EA was not paying its debts (including its substantial
11 debts to the IRS) as they became due and EA received less than reasonably equivalent value in
12 exchange for the transfers.  As set forth in the accompanying Memorandum of Points and
13 Authorities, the IRS failed to serve timely objections to the Subpoenas and has never filed a
14 motion to quash or modify the Subpoenas.  And, as set forth in the Summary of Parties' Positions,
15 the IRS has failed to identify any legally sufficient reason for its failure to comply.  Accordingly,
16 the IRS should be held in contempt and compelled to comply with the Subpoenas.

17       **PLEASE TAKE FURTHER NOTICE** that, as set forth in the accompanying
18 Memorandum of Points and Authorities and the Rieder Declaration, the IRS was unwilling to sign
19 the joint stipulation required by LBR 7026-1(c)(3) unless the Trustee agreed to file a motion to
20 compel instead of a motion for an OSC re contempt and accepted the IRS' revisions to the
21 Trustee's portions of the stipulation reflecting that change.  Since, under the law and rules set forth
22 in the accompanying Memorandum of Points and Authorities, the Trustee is required to file this
23 motion as a motion for an OSC re contempt, the Trustee could not agree to those conditions.
24 Accordingly, the latest draft of the joint stipulation, which includes all of the IRS' changes to its
25 own portions of the stipulation through 3:14 p.m. on April 26, 2023, but is unsigned and does not
26 include the IRS' changes to the Trustee's portions of the stipulation, is filed herewith as a
27 "Summary of Parties' Positions."

28       **PLEASE TAKE FURTHER NOTICE** that, to the extent the IRS voluntarily provides the

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

1 discovery sought by this Motion prior to the Show Cause Hearing, the Trustee shall promptly file

2 a statement advising the Court of that compliance (and the Trustee's proposed OSC requires the

3 Trustee to do so).

4 **PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9020-1(b), any objection to

5 the issuance of the OSC sought by the Motion must be filed with the Court within 7 days after

6 service of the Motion. Any objection should also be served on the judge and on the Trustee's

7 counsel at the following addresses:

8     1.    Honorable Scott C. Clarkson, United States Bankruptcy Court, 411 West Fourth

9 Street, Suite 5130, Santa Ana, CA 92701-4593; and

10     2.    Landau Law LLP, Attn: John P. Reitman and Monica Rieder, 141 S. Windsor

11 Blvd., Los Angeles, CA 90004.

12 **PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9020-1(d), no hearing will

13 be held on the Motion's request for the issuance of an OSC, unless the Court orders otherwise, and

14 if no objection is filed and served on the judge within 7 days after service of the Motion, the Court

15 may conclude that there is no objection to issuance of the requested OSC.

16 **WHEREFORE**, the Trustee respectfully requests that the Court issue an OSC in

17 substantially the form attached as **Exhibit J** to the Rieder Declaration (which has also been lodged

18 with the Court as required by LBR 9020-1(a)).

20 Dated: April 26, 2023                                     LANDAU LAW LLP

21                                                         By: /s/ John P. Reitman
22                                                              John P. Reitman
                                            Special Litigation Attorneys for
23                                             Plaintiff Richard A. Marshack,
                                            Chapter 7 Trustee for Eagan Avenatti, LLP

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Richard A. Marshack, Chapter 7 trustee (the "Trustee") for Eagan Avenatti, LLP ("EA"), respectfully submits this memorandum of points and authorities in support of his motion (the "Motion") for issuance of an order to show cause (the "OSC") requiring the Internal Revenue Service (the "IRS") to show cause why the Court should not enter an order adjudging the IRS to be in civil contempt for its unexcused failure to comply with the Trustee's document and deposition subpoenas and requiring the IRS to provide the outstanding documents and testimony.

I.      **INTRODUCTION**

The Trustee served a document subpoena and a deposition subpoena on the IRS on March 9, 2022, seeking documents and information relevant to proving his claims in this adversary proceeding. The Trustee's counsel has spent many months attempting to obtain voluntary compliance with the subpoenas, via emails, telephone conferences, and multiple rounds of legal arguments and complying with the IRS' demands for additional information. Despite those efforts, and the IRS' repeated promises to comply with the Subpoenas, the IRS still has not provided the Trustee with a substantial portion of the discovery to which he is entitled.

At this point, two things have become clear – first, that the parties require the Court to resolve their dispute over one of the Trustee's document requests (as to which the IRS contends that it is entitled to withhold all responsive documents without identifying those documents or providing a privilege log), and, second, that further attempts by the Trustee to obtain the other outstanding discovery through consensual procedures will result only in delayed and incomplete compliance, resulting in the need for further expenditure of estate resources on yet more attempts to pursue, persuade, and cajole full compliance from the IRS. Accordingly, the Trustee has filed the Motion to obtain a ruling on the disputed document request and to request the Court's assistance in obtaining the remaining outstanding discovery. To the extent that the IRS provides the required discovery while the Motion is pending (or, if an OSC is issued, prior to the hearing on the OSC), the Trustee will gladly withdraw those portions of the Motion. The Trustee deeply regrets needing to involve the Court in this dispute, but he simply does not believe there is any other way to finally – after many months of delay and resistance from the IRS – obtain all the

1 discovery to which he is entitled under the Subpoenas and that is important to proving the
2 Trustee's claims in the remaining adversary proceedings.

3 **II.    STATEMENT OF FACTS**

4       On March 9, 2022, the Trustee served on the IRS the document subpoena (the "Document
5 Subpoena") attached as **Exhibit A** to the concurrently filed declaration of Monica Rieder (the
6 "Rieder Declaration") and the Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deposition
7 subpoena attached as **Exhibit B** to the Rieder Declaration (the "Deposition Subpoena," and, with
8 the Document Subpoena, the "Subpoenas").  Since then, the Trustee's counsel has worked
9 extensively with the IRS's counsel attempting to obtain voluntary compliance with the Subpoenas.

10       As to the Document Subpoena, the IRS failed and refused to provide any documents until
11 after the Trustee's counsel had followed up the Document Subpoena with numerous emails and
12 telephone calls and, in response to a demand by the IRS, provided a narrower list of eleven
13 document requests, set forth in the email attached as **Exhibit C** to the Rieder Declaration (the
14 "Document Requests").  On December 13, 2022, the IRS finally produced a first round of
15 documents, addressing Document Request Nos. 1-7.  The IRS refused to produce documents in
16 response to Document Request Nos. 8-11 based on relevance, breadth, and blanket privilege
17 objections.  Rieder Declaration, ¶ 3 and **Exhibit D**.  After the IRS' counsel returned from multiple
18 weeks out of the office, and after the Trustee's counsel sent multiple follow-up emails, the
19 Trustee's counsel finally was able to obtain a telephone conference to discuss the IRS' objections.
20 The Trustee's counsel then followed up with a lengthy email addressing all of the objections and
21 reminding the IRS' counsel of its obligation to provide a privilege log as to all documents
22 withheld on the grounds of privilege.  Rieder Declaration, ¶ 3 and **Exhibit E**.  In response, the IRS
23 produced certain additional documents on March 3, 2023, and March 15, 2023.  As to Document
24 Request No. 11, however, the IRS has continued to refuse to produce any documents, based on
25 blanket assertions that the documents are privileged or otherwise protected from disclosure,
26 without providing a privilege log or even identifying any responsive documents.  Rieder
27 Declaration, ¶ 3.
28       As to the Deposition Subpoena, the IRS has never even attempted to comply with its

6

obligation under Federal Rule of Civil Procedure ("FRCP") 30(b)(6) to designate and produce one or more witnesses to testify on the subjects identified in the Deposition Subpoena.  In a telephone call on August 31, 2022, the IRS' counsel explained that she believed the IRS was not obligated to produce a witness because (a) there was no single person at the IRS with personal knowledge of the topics identified in the Deposition Subpoena and (b) the IRS' counsel believed the list of topics was insufficiently specific.  Both during that telephone call and in a follow-up email, the Trustee's counsel explained the IRS' obligation under FRCP 30(b)(6) to designate and, if necessary, educate, one or more witnesses to testify regarding the knowledge available to the IRS.  Rieder Declaration, ¶ 4 and Exhibit C.  In the email, sent on September 12, 2022, the Trustee's counsel also provided additional detail regarding the subjects for deposition, and requested that the IRS provide the identity of the witness or witnesses designated and available dates for depositions.  *Id.*  The IRS' counsel did not inform the Trustee's counsel that the IRS would not be providing that information.  Instead, after multiple follow-up emails and telephone calls, the IRS' counsel informed the Trustee's counsel that the IRS would be responding to the September 12 email (which contained the Document Requests as well as the request for deposition information), first by November 11, 2022, and then by December 9, 2022.  Finally, on December 13, 2022, the IRS produced documents in response to the Document Requests, but did not provide any information regarding witnesses or depositions.  Despite numerous follow-up emails and telephone calls from the Trustee's counsel, as well as the Trustee providing an eight-page list of specific questions to be addressed in the deposition, the IRS still has never designated a single witness nor identified a single date for a deposition.  Rieder Declaration, ¶ 4.

The three specific issues addressed by this Motion were raised by the Trustee's counsel in a March 21, 2023, email, in which the Trustee's counsel requested a response within a week.  The Trustee's counsel received no response to that email, and sent a follow-up email on March 31, 2023, with a formal request to meet and confer regarding these issues.  Rieder Declaration, ¶ 5 and **Exhibit F**.  On April 7, 2023, the Trustee's counsel and the IRS' counsel engaged in a lengthy telephone conference regarding the issues addressed by the Motion, in which the IRS requested various accommodations (such as having the Trustee provide a specific list of questions to be

7

addressed at the deposition and being permitted to provide declarations in lieu of live deposition testimony).  On April 16, 2023, the Trustee's counsel sent a follow-up email, complying with the IRS' latest request by providing an extensive and exhaustively detailed list of questions to be addressed by sworn testimony from the IRS.  Rieder Declaration, ¶ 5 and **Exhibit G**.  The email also contained one final proposal for obtaining the required discovery by consent, but warned the IRS that, "given the extreme length of time that has elapsed and the necessity of moving these adversary proceedings forward, it must be the last." *Id.*  The email therefore requested that, as to each issue, the IRS provide by 5 p.m. on April 24, 2023, the requested discovery, a stipulation agreeing to the Trustee's proposal, or the IRS' section of the joint stipulation required by Local Bankruptcy Rule ("LBR") 7026-1(c)(3).  *Id.*

The IRS instead responded by sending a letter shortly after 5 p.m. on April 24, 2023, in which the IRS made counter-proposals with conditions, and argued that the Trustee should undertake yet more work to accommodate the IRS.  *See* Rieder Declaration, ¶ 6 and **Exhibit H** (proposing extended dates for the IRS to provide multiple rounds of declarations in lieu of deposition testimony, stating that the IRS "will produce a witness or witnesses to testify, <u>if possible, and not otherwise objectionable</u>," and requesting that the Trustee file a motion to extend the discovery deadlines) (emphasis added).

Accordingly, the Trustee's counsel prepared a draft of the joint stipulation by inserting into each of the IRS' sections the portions of the IRS' April 24 letter that appeared to be most relevant to that issue.  The Trustee's counsel sent the resulting draft stipulation to the IRS' counsel on April 25, 2023.  At 3:14 p.m. on April 26, 2023, the IRS' counsel sent back to the Trustee's counsel a revised draft of the stipulation that, along with making changes to the IRS' portions of the stipulation, revised the Trustee's portions of the stipulation to indicate that the stipulation was being filed with a motion to compel rather than a motion for an OSC re contempt.  The Trustee's counsel advised the IRS' counsel that those revisions could not be accepted because the applicable law and rules (cited below) provide that a motion to compel a non-party to comply with a subpoena must take the form of a motion for an OSC re contempt.  However, the Trustee's counsel accepted all of the IRS' changes to its own portions of the stipulation and sent the

8

stipulation back to the IRS' counsel, requesting that she sign it. The IRS' counsel replied that she would not sign the stipulation if it was going to be filed with a motion for an OSC re contempt. Accordingly, the latest version of the stipulation – including all of the IRS' changes to its own portions of the stipulation through 3:14 p.m. on April 26, 2023 (to provide the most current and complete version of the IRS' position), but without the IRS' changes to the Trustee's portions of the stipulation and without the IRS' signature – is filed herewith as a "Summary of Parties' Positions." Rieder Declaration, ¶ 9.

### III. THE REQUESTED OSC IS APPROPRIATE

The Court should issue the requested OSC because the IRS was served with the Subpoenas, failed to serve timely objections or move to quash or modify the Subpoenas, and, as set forth in the concurrently filed Summary of Parties' Positions, has failed to comply with the Subpoenas without an adequate excuse.

"A nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Federal Rule of Civil Procedure 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." *Nguyen v. Golden (In re Pham)*, No. CC-17-1000-LSTa, 2017 Bankr. LEXIS 3844, at *18 (B.A.P. 9th Cir. Nov. 6, 2017) (internal quotation marks and citation omitted). As to the second option, FRCP 45 requires that objections to a document subpoena be made in a writing "served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FRCP 45(d)(2)(B). If the party receiving the subpoena fails to make a timely objection or motion to quash, and also fails to comply with the subpoena, then "the proper procedure is for the requesting party to seek an order of contempt under Civil Rule 45(g)." *Id.*; *see also, e.g.,* Fed. R. Civ. P. 45(g) ("The court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); LBR 7026-1(c)(5) ("LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena . . . ."); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018) ("Federal Rule of Civil Procedure 45, which governs the issuance of subpoenas, also provides for contempt

9

1 sanctions when a subpoena is disobeyed."); *Riley v. Sciaba (In re Sciaba)*, 334 B.R. 524, 526 (Bankr. D. Mass. 2005) (holding third-party witness in contempt for failure to comply with trustee's document subpoena and requiring the witness to pay the trustee $200 per day until all requested documents had been produced).

In the present case, the IRS failed to make timely objections to the Subpoenas. As noted above, under FRCP 45(d)(2)(B), such objections must be served no later than 14 days after service of the subpoena. The IRS' written objections were served on the Trustee on December 13, 2022 – many months after both the initial service of the Subpoenas on March 9, 2022, and the Trustee's email with the Document Requests on September 12, 2022. Rieder Declaration, Exhibit A, B, C, and D. The IRS also has never made any motion to quash or modify the Subpoenas.

Accordingly, the IRS' unexcused failures to comply with the Subpoenas, as described in Sections III.A, IV.A, and V.A of the Summary of Parties' Positions, constitute contempt and warrant the issuance of the requested OSC.

## IV. CONCLUSION

For the reasons set forth above and in the Summary of Parties' Positions, the Trustee respectfully requests that the Court issue an OSC in substantially the form attached as **Exhibit J** to the Rieder Declaration.

Dated: April 26, 2023                                LANDAU LAW LLP

By:  /s/ John P. Reitman
     John P. Reitman
Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU LAW LLP, 141 South Windsor Blvd., Los Angeles, CA 90004.**

A true and correct copy of the foregoing document entitled (*specify*): **Plaintiff Trustee's Notice of Motion and Motion for Issuance of an Order to Show Cause Re Contempt Against Internal Revenue Service for Failure to Comply with Document and Deposition Subpoenas; Memorandum of Points and Authorities in Support Thereof** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 26, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 26, 2023,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 26, 2023,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

**VIA EMAIL:**
Najah.Shariff@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 26, 2023 | Hannah Richmond | */s/ Hannah Richmond* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**:

- **Robert J Im**     robert.im@wilsonelser.com, irvineECF@mcglinchey.com
- **Richard A Marshack (TR)**     pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Brian A Paino**     bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Jack A. Reitman**     jack.reitman@kdvlaw.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**     jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Monica Rieder**     mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**