JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
LANDAU LAW LLP
141 S. Windsor Blvd.
Los Angeles, California 90004
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01150-SC<br><br>**STIPULATION TO EXTEND DISCOVERY CUTOFF, MOTION CUTOFF, AND PRETRIAL HEARING DATES** |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>Plaintiff,<br><br>v.<br><br>HONDA AIRCRAFT COMPANY, LLC, a Delaware limited liability company,<br><br>Defendant. | |

Plaintiff Richard A. Marshack, Chapter 7 Trustee (the "Trustee") for Eagan Avenatti, LLP ("EA") and defendant Honda Aircraft Company, LLC ("Honda") (collectively, the Trustee and Honda are referred to as the "Parties"), stipulate as follows.

**RECITALS**

1. Pursuant to the Court's order [docket no. 41] approving a previous stipulation between the Parties [docket no. 40] (the "Prior Stipulation"), the following schedule is currently set in this case:

    i. Discovery Cutoff on May 31, 2023;

    ii. Motion Cutoff on August 31, 2023;

    iii. Pretrial Conference on October 24, 2023 at 1:30 p.m.[1]

2. The Parties have agreed to extend the deadlines in this case on prior occasions in order to allow for the conclusion of the criminal trial of EA's former managing partner, Michael Avenatti ("Avenatti"), in the U.S. District Court for the Central District of California (the "District Court"), since the criminal trial posed a potential impediment to the Parties' ability to take the discovery they need in this case.

3. The District Court accepted Avenatti's guilty plea and entered a judgment sentencing Avenatti to 168 months in prison. Avenatti has appealed the judgment as to the sentence only.

4. Notwithstanding Avenatti's guilty plea and the entry of judgment against him, there was still uncertainty as to whether the Parties' pursuit of discovery from certain persons and entities would interfere with the criminal proceedings against Avenatti. Previously, in March of 2022, the Trustee served subpoenas on The X-Law Group, PC ("X-Law") and X-Law attorney, Filippo Marchino ("Marchino"), seeking both documents and deposition testimony. Honda also served a subpoena on X-Law. X-Law and Marchino responded to the subpoenas by serving objections. Documents and testimony from X-Law and Marchino are necessary in this case for,

---

[1] The clerk made a docket entry on March 7, 2023 [docket no. 43], indicating that the pretrial conference would be held on July 11, 2023. However, that docket entry appears to have been erroneous, as it cites to an earlier stipulation that was superseded by the Prior Stipulation and the order approving it.

1

among other reasons, the fact that X-Law received (from EA as a conduit to forward the money to Honda) an initial transfer of one of the two transfers that the Trustee seeks to recover from Honda in this case. The Parties did not previously pursue enforcement of the subpoenas due to the risk that doing so would interfere with the criminal proceedings against Avenatti. Recently, the Parties learned from the Office of the United States Attorney (the "USAO") that their pursuit of records and testimony from X-Law and Marchino will not interfere with the criminal proceedings against Avenatti.

6. Since the filing of the Prior Stipulation, the Parties have taken the following actions to advance this case:

- The Trustee took the deposition of EA's former office manager, Judy Regnier, on February 15, 2023;
- The Trustee continued working with the Internal Revenue Service (the "IRS") to obtain consensual compliance with document and deposition subpoenas served on the IRS, resulting in the production of approximately 240 additional pages of documents in March 2023, on top of approximately 100 pages of documents previously produced by the IRS;
- After repeated efforts, the Trustee determined that the IRS was not going to fully comply with the document and deposition subpoenas in a timely fashion without assistance from the Court, and accordingly filed a motion in April 2023 to compel such compliance (in the form of a motion for issuance of an order to show cause re contempt, as required by Local Bankruptcy Rule 7026-1(c)(5)) (the "IRS Motion");
- The Trustee has served a deposition subpoena on former IRS agent Remoun Karlous ("Karlous");
- The Trustee has served new document and deposition subpoenas on X-Law and Marchino;
- Honda has served document subpoenas on the IRS, Spring Creek Research, LLC ("Spring Creek"), and William Parrish ("Parrish"), and a deposition subpoena on Parrish;

2

- Honda has communicated with the USAO regarding taking Avenatti's deposition while he is in custody, and is in the process of determining how to obtain Avenatti's attendance at that deposition; and
- Honda has served written discovery on the Trustee.

7. For the following reasons, the Parties anticipate that additional time will be necessary to complete discovery:

- The Trustee believes that it is highly unlikely that X-Law and Marchino will voluntarily comply with the Parties' current discovery efforts, because, among other things, (a) X-Law and Marchino responded to prior subpoenas with vehement objections, and (b) Marchino first evaded service of the Trustee's new subpoenas and then assaulted the Trustee's process server;
- Motion practice therefore likely will be necessary to obtain compliance with the Parties' subpoenas served on X-Law and Marchino;
- Information received from X-Law and Marchino may identify additional discovery that needs to be taken;
- Resolution of the IRS Motion, and obtaining any discovery the Court may order in connection with the IRS Motion, likely will take several weeks or even months;
- Karlous and/or the IRS may seek to quash or modify the Trustee's deposition subpoena to Karlous;[2]
- Honda may need to undertake informal or formal efforts to obtain compliance with the subpoenas it has served on the IRS, Spring Creek, and Parrish;
- It is unclear how long it will take Honda to obtain Avenatti's attendance at a deposition;
- Honda may need to take additional discovery of parties who were involved in the

---

[2] Over the last two months, Trustee's counsel had multiple exchanges with the IRS regarding the Trustee's intention to depose Karlous. The IRS' counsel never said that Karlous could not be deposed; indeed, she promised to obtain contact information for the Trustee to serve a subpoena on Karlous. When the IRS failed to keep that promise, the Trustee expended significant funds to locate and serve Karlous – and only after such service, while this stipulation was being prepared, has the IRS asserted its opinion that Karlous may be exempted from testifying pursuant to federal regulations.

1      criminal case (from whom Honda previously refrained from seeking discovery to
2      avoid interference with the criminal case); and

3      • Because the Trustee's counsel did not receive Honda's discovery until shortly
4      before the return date (as the discovery was sent by mail to the Trustee's counsel's
5      old address the day before the Trustee's counsel filed its notice of change of
6      address in this adversary proceeding), because the Trustee's counsel has conflicting
7      obligations and unavailability, and because the discovery requests information
8      regarding the evidence supporting the Trustee's case, which the Trustee is still in
9      the process of developing, Honda has agreed to give the Trustee additional time to
10      respond to the discovery.

11      8.      To allow the Parties to complete the discovery efforts described above, the Parties
12 have agreed that the dates set by the Court should be continued to the following:

13          i.      Discovery Cutoff on August 31, 2023;
14          ii.      Motion Cutoff on November 14, 2023; and
15          iii.      Pretrial Conference on December 12, 2023, at 1:30 p.m.

16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**STIPULATION**

**NOW, THEREFORE,** the Parties stipulate that, subject to Court approval:

The dates currently scheduled as:

    i.    Discovery Cutoff on May 31, 2023;

    ii.    Motion Cutoff on August 31, 2023;

    iii.    Pretrial Conference on October 24, 2023 at 1:30 p.m.

Are continued to:

    i.    Discovery Cutoff on August 31, 2023;

    ii.    Motion Cutoff on November 14, 2023;

    iii.    Pretrial Conference on December 12, 2023, at 1:30 p.m.

Dated: May 11, 2023        LANDAU LAW LLP

By: _____/s/ John P. Reitman_____
        John P. Reitman
Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

Dated: May __11__, 2023        McGLINCHEY STAFFORD

By: _____
        Brian A. Paino
Attorneys for Defendant Honda Aircraft Company, LLC

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU LAW LLP, 141 South Windsor Blvd., Los Angeles, CA 90004.**

A true and correct copy of the foregoing document entitled (*specify*): **Stipulation to Extend Discovery Cutoff, Motion Cutoff, and Pretrial Hearing Dates** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 11, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert J Im**    robert.im@wilsonelser.com, irvineECF@mcglinchey.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Jack A. Reitman**    jareitman@gmail.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**    jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Monica Rieder**    mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Najah J Shariff**    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 11, 2023 | Hannah Richmond | */s/ Hannah Richmond* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**