E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
NAJAH J. SHARIFF (Cal. Bar No. 201216)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2534
    Facsimile:  (213) 894-0115
    E-mail: najah.shariff@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP<br><br>        Debtor.<br><br>RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP<br><br>        Plaintiff,<br>v.<br><br>HONDA AIRCRAFT COMPANY, LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01150-SC<br><br>Supplemental Brief of the United States Re: 26 U.S.C. § 6103<br><br>Hearing Date:  May 30, 2023<br>Time:           11:30 AM<br>Location:      (Via Zoom)<br>                 411 West Fourth Street,<br>                 Courtroom 5C<br>                 Santa Ana, CA 92701-4593 |

At the hearing on Tuesday May 30, 2023, on the Chapter 7 Trustee Richard A. Marshack (the "Trustee") Motion for Issuance of an Order to Show Cause Re Contempt Against the Internal Revenue Service (the "Motion"), the Court granted the undersigned counsel's request to provide supplemental briefing on 26 U.S.C. § 6103 by 12 noon on Monday June 5, 2023. Consequently, the United States of America ("United States"), on behalf of its agency, the Internal Revenue Service ("IRS"), submits this

1

Supplemental Brief regarding Section 6103 in Support of the Government's Opposition to the Trustee's Motion. For the reasons set forth below, and as set forth in the Government's Opposition to the Trustee's Motion filed at Docket No. 49 on the Docket, and as stated at the hearing on May 30, 2023, the United States contends that Michael Avenatti's tax return and return information is not discoverable and cannot be disclosed in these non-tax administration proceedings, and asks that if the Court disagrees with this position that the Court issue a written order analyzing the facts and law so that a record is made of the Court's position on this issue. If the Court is inclined to order the United States to produce Michael Avenatti's tax return and return information, the Government requests that such an order to produce be reserved until specific objections are raised at the deposition of IRS Bankruptcy Specialist Rita Galvan or with respect to the production of records pursuant to the Trustee's Request No. 11, as modified at the hearing on May 30, 2023.

The federal tax system largely depends on taxpayers providing their personal information to the IRS. *United States v. Bisceglia*, 420 U.S. 141, 145 (1975)[1]. To encourage compliance with the Internal Revenue Code's[2] self-reporting requirements, Congress enacted 26 U.S.C. § 6103 to assure taxpayers that the information the IRS collects about them will remain confidential. *Church of Scientology II*, 792 F.2d 153, 158-59 (D.C. Cir. 1986), *aff'd*, 484 U.S. 9 (1987); *In re United States (Panasonic)*, 669 F.3d 1333, 1336-37 (Fed. Cir. 2012). In so doing, Congress "decided that, with respect to tax returns, confidentiality, not sunlight, is the proper aim." *Aronson v I.R.S*, 973 F.2d 962, 966 (1st Cir. 1992).

Section 6103(a) provides that two distinct categories of material –"returns" and "return information"-shall be confidential and not inspected or disclosed "except as authorized by this title." 26 U.S.C. § 6103(a). Section 6103(b)(1) defines "return" to mean "any tax or information return, declaration of estimated tax, or claim for refund…which is filed with the Secretary [of the Treasury] …" 26 U.S.C. § 6103(b)(1). Section 6103(b)(2) expansively defines "return information" to include:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities , net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other

---

[1] Superseded by statute on other grounds as stated in *Polselli v. IRS,* 598 U.S. ---, 143 S. Ct. 1231, --- L.Ed.2d--- (2023).

[2] The Internal Revenue Code (IRC) is the body of law that codifies all federal tax laws, including income, estate, gift, alcohol, tobacco, and employment taxes. These laws constitute Title 26 of the U.S. Code and are implemented by the IRS through its Treasury Regulations and Revenue Rulings.

2

data, received by, recorded, by, prepared, by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

26 U.S.C. § 6103(b)(2)(A).

As explained in the government's May 3, 2023, Opposition to the Trustee's Motion filed at Docket No. 49, the definitions of "return" and "return information" effectively include all records and information the IRS receives, obtains, or generates in the course of determining the existence, possible existence, or amount of liability of a taxpayer under the Internal Revenue Code. *See Landmark Legal Found. v. IRS*, 267 F.3d 1132, 1135 (D.C. Cir. 2001).

Section 6103 prohibits the IRS from disclosing a taxpayer's returns or return information absent explicit statutory authorization to do so. 26 U.S.C. § 6103(a); *Church of Scientology II*, 484 U.S. at 10. Thus, the IRS can disclose a taxpayer's returns or return information only to the taxpayer, to someone with a statutorily specified relationship to the taxpayer, or for a statutorily specified purpose. *See* 26 U.S.C. § 6103(c)-(o). Congress felt so strongly about maintaining confidentiality that it made it a felony to willfully disclose a taxpayer's returns or return information without statutory authorization. *See* 26 U.S.C. § 7213. In the case of knowing or negligent disclosures, the government is liable for civil damages. 26 U.S.C. § 7431(a).

There is no provision of the Internal Revenue Code which authorizes disclosure of returns or return information in non-tax private civil litigation, such as the adversary proceedings here. Contrary to the Trustee's assertion in his May 16, 2023, Response to United States' Opposition to Trustee's Motion filed at Docket No. 58, these adversary proceedings are not tax administration proceedings. The Code defines tax administration to mean the "administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes" and "the development and formulation of Federal tax policy" and including the "assessment, collection, enforcement, litigation, publication, and statistical gathering functions under" the internal revenue laws. 26 U.S.C. § 6103(b)(4). These adversary proceedings meet none of these criteria. Rather, these adversary proceedings are private civil litigation cases seeking evidence that the Debtor Eagan Avenatti LLP ("Debtor") fraudulently transferred assets with a purpose of reducing the assets available to the

Bankruptcy estate. The IRS is not a party to these adversary proceedings and no tax matters are at issue in these proceedings.

The Trustee cites to three court opinions in an attempt to assert that Section 6103(h)(4)(C) authorizes the disclosure of return information sought here. Two of those opinions are clearly distinguishable because the return information at issue was the return information of the <u>debtor</u> (*Lawrence* and *Guidry*, described more below). The Debtor is a party to its own bankruptcy case, so return information may be released under the "party to the proceeding" requirement of 6103(h)(4)(A) if all the other conditions are met.

In the instant proceedings, however, the return information sought is <u>not</u> that of the Debtor. Rather, the information sought is the return information of a non-debtor third party, namely Michael Avenatti. In particular, in Request No. 11, the Trustee seeks (as modified at the hearing on May 30, 2023) "All documents on which IRS agent Remou Karlous ('Agent Karlous') relied in making the following statement, located at ECF page 144 of 198 of Agent Karlous' declaration including in docket number 1 of Central District of California Case No. 8:19-cr-00061-JVS: 'Avenatti also appears to have evaded the assessment and collection of federal income taxes during these tax years [2011 through 2017] by using the entities he controlled, such as . . . EA LLP . . . to hide and conceal his personal income.'" As has been explained, this declaration was made by SA Karlous within the context of a Grand Jury investigation into tax issues of Michael Avenatti -- an individual who is not a party to the Bankruptcy case nor a party to any of the adversary proceedings. To the extent that any responsive material comes from the files of the IRS, it is return information of non-party Michael Avenatti, protected from disclosure by Section 6103. Furthermore, during the deposition of Rita Galvan on June 30, 2023, the IRS Bankruptcy Specialist, some of the proposed questions appear to ask about information in the IRS's files relating to return information of non-party Michael Avenatti. For example, please refer to proposed question nos. 20 and 21. *See* Exhibit G attached to Monica Reider's Declaration in support of the Trustee' Motion.

Such return information cannot be released under 6103(h)(4)(A) (which is limited to the return information of a party to the proceeding). The *Noske* court determined that release of return information of a non-party must meet the requirement of 6103(h)(4)(C), including a) the disclosure must occur in a judicial tax proceeding; b) the taxpayer must have a transactional relationship with a

4

party c) the transactional relationship must directly affect the resolution of an issue in the proceeding, and d) the disclosure must directly relate to the transactional relationship between the party and the taxpayer. *See Noske v. United States*, 1992 WL 235847 (D. Minn. 1992).

The disclosure at issue in *In re Lawrence*, 2016 WL 1039524 (Bankr. D. Idaho Mar. 15, 2016), involves a chapter 11 bankruptcy case, to which the IRS was a party, and in which the return information of the debtor was disclosed pursuant to Code section 6103(h)(4)(A). The Trustee's reliance on *Lawrence* to support his effort to obtain return information of a taxpayer other than the debtor under a different code section (6103(h)(4)(C)), in an adversary proceeding that is not a tax administration proceeding, is misplaced. *In re Guidry*, 354 B.R. 824, 830 (Bankr. S.D. Tex. 2006), is a chapter 13 bankruptcy case in which a local rule required the IRS to provide the trustee (and others) with return information of the debtor (a party to the proceeding) in chapter 13 cases (pp. 832-833). *In re Guidry* did not address disclosure of return information in an adversary proceeding with no tax issues, such as exists in the instant case. Further, *In re Guidry* did not involve third-party return information, and does not contain an interpretation of Section 6103(h)(4)(*C)*. The Trustee's reliance on this case to support his efforts to obtain return information of a taxpayer other than the debtor in adversary proceedings that are not tax administration proceedings is misplaced.

The Trustee cited to one case that involved third-party return information. In *Noske v. United States*, 1993 WL 264531, *2, 998 F.2d 1018 (8th Cir. 1993), affirming *Noske v. United States*, 1992 WL 235847 (D. Minn 1992), disclosures were made in the course of litigation, to which IRS was a party, challenging a levy on Xemas, Inc. to collect taxes. The *Noske* court determined that Section 6103(h)(4)(C) authorized the disclosure of the Noske's return information in the course of the wrongful levy litigation because a) that litigation was a tax administration proceeding seeking to collect taxes owed; b) the Noskes had a transactional relationship with Xemas; c) the transactional relationship affected resolution of the conveyance at issue in the case; and d) the disclosure of the Noskes' history of failing to file tax returns directly related to the transactional relationship. By contrast, the Trustee here cannot establish even the first requirement of the Section 6103(h)(4)(C) analysis (let alone the remaining three), as the Trustee seeks non-debtor, third-party return information to be disclosed in an adversary proceeding in which taxes are not at issue.

5

No provision of the Internal Revenue Code authorizes disclosure of returns or return information in response to a subpoena where the information requested is to be disclosed in a non-tax administration adversary proceeding and is the return information of a non-debtor third-party taxpayer. The only provision of the Internal Revenue Code that would authorize disclosure of returns or return information in the instant adversary proceedings is Section 6103(c). Section 6103(c) provides that the IRS "may, subject to such requirements and conditions as [the Secretary] may prescribe by regulations, disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a request for or consent to such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person." The Secretary has published regulations at 26 C.F.R. § 301.6103(c)-1 prescribing the conditions and requirements for a taxpayer to request or consent to disclosure of his tax returns and/or return information. If the Trustee wants access to Michael Avenatti's returns or return information for purposes of these adversary proceedings, the Trustee is free to contact Mr. Avenatti and request his written consent to the disclosure of that material. Absent that, release of the information would be contrary to 26 U.S.C. § 6103.

Section 6103 is a statutory prohibition on disclosure, not a privilege, and cannot be waived. There must be an express exception in Section 6103 that allows disclosure. There is no exception for a private civil litigation matter that does not involve tax administration other than consent of the taxpayer. "[I]t is surely an undue burden for a subpoena to demand a violation of federal law." *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 207 (D.D.C. 2000)[3]. The Government requests that no document with respect to Request No. 11 or testimony by IRS Bankruptcy Specialist Rita Galvan the disclosure of which would violate 26 U.S.C. § 6103 be allowed.

|  |  |
|---|---|
|  | E. MARTIN ESTRADA<br>United States Attorney<br>THOMAS D. COKER<br>Assistant United States Attorney<br>Chief, Tax Division |
| Dated: June 5, 2023 | /s/ Najah J. Shariff<br>NAJAH J. SHARIFF<br>Assistant United States Attorney<br>Attorney for the United States of America |

---

[3] Vacated in part and aff'd in part on other grounds, 305 F.3d 1249 (D.C. Cir. 2002).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): Supplemental Brief of the United States
Re: 26 U.S.C. § 6103 will be served or was served **(a)** on the judge in chambers in the form and manner required
by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/05/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/05/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Honorable Judge Scott C. Clarkson  (by Personal Delivery)
    United States Bankruptcy Court
    Central District of California
    Ronald Reagan Federal Building and Courthouse
    411 West Fourth Street, Suite 5130
    Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/05/2023 | Barbara Le | /s/ Barbara Le |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

**PROOF OF SERVICE OF DOCUMENT (Attachment)**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Robert J Im**   robert.im@wilsonelser.com, irvineECF@mcglinchey.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Brian A Paino**   bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Jack A. Reitman**   jareitman@gmail.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**   jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Monica Rieder**   mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Najah J Shariff**   najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**