E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
NAJAH J. SHARIFF (Cal. Bar No. 201216)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2534
    Facsimile:  (213) 894-0115
    E-mail: najah.shariff@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP<br><br>       Debtor. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01150-SC |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP<br><br>       Plaintiff,<br><br>v.<br><br>HONDA AIRCRAFT COMPANY, LLC, a Delaware limited liability company,<br><br>       Defendant. | UNITED STATES' MOTION FOR LEAVE TO APPEAL ORDER RE: § 6103 OBJECTION ENTERED ON JUNE 13, 2023<br><br><br>[No Hearing Required Pursuant to LBR 9013-1(p)] |

Pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure ("FRBP") 8004, the United States of America ("United States"), on behalf of its Agency, the Internal Revenue Service ("IRS"), hereby respectfully moves this Court for leave to appeal the bankruptcy court's Order

Re: § 6103 Objection entered on June 13, 2023, filed at Docket No. 75 ("Section 6103 Order"), a copy of which is attached hereto as Exhibit A.[1]

This Motion is being filed concurrently with the Notice of Appeal filed on June 27, 2023, filed at Docket No. 84. In the event that the Court does not consider the Section 6103 Order to be a final order that is subject to direct appeal under the collateral order doctrine, the Government moves the district court to allow interlocutory appeal of the Section 6103 Order.

## PRELIMINARY STATEMENT

By this motion, the United States asks this Court for leave to appeal the Section 6103 Order pursuant to Bankruptcy Rule 8004 and 28 U.S.C. § 158(a)(3), which confers district courts with appellate jurisdiction over interlocutory orders with leave of the court. While 28 U.S.C. § 158(a)(3) specifies no criteria for granting such leave, courts often look to the prerequisites set forth in 28 U.S.C. § 1292(b) to determine whether to allow an interlocutory appeal. Pursuant to 28 U.S.C. § 1292(b), leave to appeal an interlocutory order should be granted when the order involves (1) a question of law that is controlling; (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal of which would materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *Reese v. BP Expl. (Alaska) Inc*., 643 F.3d 681 (9th Cir. 2011); and *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022)*see also In re NSB Film Corp.*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994)**.** For the reasons set forth below, all these factors are present here. Accordingly, the United States moves the district court for an entry of an order pursuant to Bankruptcy Rule 8004 and 28 U.S.C. § 158(a)(3) granting leave to appeal the Section 6103 Order.

## FACTUAL BACKGROUND

By an order dated June 13, 2023, the Court overruled the Government's 26 U.S.C. § 6103 objections to a Rule 45 non-party discovery subpoena served on the IRS by the Trustee in this case. A copy of the Section 6103 Order is attached hereto as Exhibit A. The Section 6103 Order followed supplemental briefing by the United States and the Trustee regarding whether Section 6103 barred the

---

[1] The Government is appealing the Section 6103 Order filed at Docket No. 75 with respect to the Section 6103 issues. The Government is not appealing any other issue that is described in the Section 6103 Order filed at Docket No. 75.

disclosure of Michael Avenatti's private tax return information to the Trustee.  The Government's supplemental briefing argued that Michael Avenatti's tax return information could not be disclosed because the underlying adversary proceeding was not a matter of federal tax administration under Section 6103, and Michael Avenatti was not a party the suit.  The supplemental briefing was in addition to the Government's Opposition, which included its Section 6103 objections, to the Trustee's Motion for Issuance of an Order to Show Cause re Contempt Against Internal Revenue Service for Failure to Comply with Document and Deposition Subpoenas.  In its Section 6103 Order, the bankruptcy court, however, overruled the Government's objections, and held as a matter of law the underlying matters were matters involving federal tax administration, even though in its order it found that no federal tax questions were at issue.

On June 27, 2023, because the Section 6103 Order has the potential to negatively affect federal tax administration, the United States filed a Notice of Appeal of the Section 6103 Order, a copy of which is attached hereto as Exhibit B.

## QUESTION PRESENTED

Did the bankruptcy court err, as a matter of law, when it held that the Trustee's adversary proceeding(s), in which the Internal Revenue Service (IRS) and Michael Avenatti are not parties, were matters involving "tax administration" under 26 U.S.C. 6103(h), thereby clearing the way for the disclosure of Michael Avenatti's private tax return information in the hands of the IRS to the Trustee, pursuant to a Rule 45 non-party subpoena served on the IRS.

## ARGUMENT

If  the district court determines that Section 6103 Order is not a final order, the district court has jurisdiction to hear an appeal of the subject Section 6103 Order as an interlocutory order of the bankruptcy court if the district court grants leave to appeal. *See* 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8002, 8004(a)(2)(b).  Section 158(a) of title 28 of the United States Code grants district courts jurisdiction to hear appeals from interlocutory orders issued by a bankruptcy court at their discretion. *See* 28 U.S.C. § 158(a)(3) (noting that a district court shall have jurisdiction to hear appeals "from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under" 28 U.S.C. § 157 (internal citation omitted))). Although Section 158(a) is silent on the question of how this discretion is to be exercised, courts look to the factors set forth in 28

1    U.S.C. § 1292, which define the scope of appellate jurisdiction over interlocutory appeals from the

2    district courts. *See In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001) 858; *In re Wilson*, No. BR 13-

3    11374 AJ, 2014 WL 122074, at *1 (N.D. Cal. Jan. 10, 2014).

4         Thus, leave to appeal is an exercise of judicial discretion which is dependent on the

5    circumstances of the particular case.  Courts consider the following factors when deciding whether to

6    grant leave to appeal under Bankruptcy Rule 8004: (1) the appeal involves a controlling question of law

7    as to which there is (2) substantial ground for difference of opinion and (3) when an immediate appeal

8    from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b);

9    *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also In re NSB Film Corp.*, 167

10   B.R. 176, 180 (B.A.P. 9th Cir. 1994).

11        Because each of these factors weighs in favor of leave to appeal, this Court should grant the

12   Government's motion for leave to appeal the Section 6103 Order.

13   **There Is a Controlling Question of Law**

14        This appeal involves a controlling question of law.  A controlling question of law must be one

15   of law—not fact—and its resolution must "materially affect the outcome of litigation in the district

16   court." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union,* 22 F.4th 1125 (9th Cir. 2022) (quoting

17   from *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).  It is not

18   necessary that "reversal of the district court's order terminate the litigation." *Id.* Controlling questions of

19   law include "fundamental" issues such as " 'the determination of who are necessary and proper parties,

20   whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law

21   should be applied.' " *Id.* at 1026–27 (quoting *United States v. Woodbury*, 263 F.2d 784, 787 (9th

22   Cir.1959)).

23        Here, the bankruptcy court's Section 6103 Order presents a pure question of law, namely is the

24   Trustee's fraudulent conveyance adversary proceeding a matter involving federal "tax administration"

25   under 26 U.S.C. § 6103.  There is no dispute as to the underlying facts relied upon by the bankruptcy

26   court to reach its erroneous decision.  Further, resolving this issue now, before the entry of a final

27   judgment will materially affect the course of the litigation.  Hearing this interlocutory appeal will spare

28   the Government from contempt, and will stop further litigation in the case over whether the

     Government must disclose the statutorily protected tax return information of Michael Avenatti to the

Trustee or other parties to the litigation.  Because this is a "pure legal question" involving no factual issues, an interlocutory appeal is especially appropriate.  *See Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir.1993); *see also Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675–77 (7th Cir.2000) (noting that the term " 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted").  Accordingly, the first prong of the test has been satisfied.

**There Is Substantial Ground for Difference of Opinion**

Second, the Court must determine whether there is a substantial ground for difference of opinion on the issue to be certified.  *See In re Cement Antitrust Litig.*, 673 F.2d at 1026.  The "substantial grounds" prong is satisfied when "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union,* 22 F.4th 1125 (9th Cir. 2022) (quoting from *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  For example, this prong is satisfied if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union,* 22 F.4th 1125 (9th Cir. 2022) (quoting from *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  However, the district court need not "await[ ] development of contradictory precedent" before concluding that the question presents a "substantial ground for difference of opinion." *Reese*, 643 F.3d at 688.

This second prong of the test is also met.  Although the Government has not identified a clear disagreement among courts, the Section 6103 Order that the Trustee's fraudulent conveyance action is a matter of tax administration is contrary to the plain language of the statute and related regulations.  Further, courts have held, contrary to the bankruptcy court, that in similar circumstances that tax return information of a non-party such as Michael Avenatti cannot be disclosed.  *See Gardner v. United States*, 213 F.3d 735, 738 (D.C. Cir. 2000); *Silver I*, 2021 WL 1177998 (D.D.C. Mar. 28, 2021),  *Silver v. United States*, 2023 WL 1100747, at *6 (D.D.C. Jan. 30, 2023); and *Norman E. Duquette, Inc. v. Comm'r of Internal Revenue Serv.*, 110 F. Supp. 2d 16, 20 (D.D.C. 2000).   Essentially, the Section 6103 Order presents a novel and far-reaching interpretation of the scope and breath of permissible Section 6103 disclosures and should be reviewed on interlocutory appeal.

**An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation**

An immediate appeal of the Section 6103 Order will materially advance the ultimate termination of the subject litigation. The "materially advance" prong is satisfied when the resolution of the question "may appreciably shorten the time, effort, or expense of conducting" the court proceedings. *In re Cement*, 673 F.2d at 1027. Further, with respect to the third prong of the test, there are no set criteria a court is required to consider when evaluating whether an interlocutory appeal will materially advance the litigation and courts apply pragmatic considerations to determine whether certifying non-final orders will materially advance the ultimate termination of the litigation. *See Beeman v. Anthem Prescription Mgmt., Inc*., 2007 WL 8433884, at *2 (C.D. Cal. Aug. 2, 2007) (citing from *see e.g., FDIC v. First Nat. Bank of Waukesha, Wis.,* 604 F.Supp. 616, 620 (E.D.Wis.1985); and *SCM Corp. v. Xerox Corp.,* 474 F.Supp. 589, 593 (D.Conn.1979)).

The third prong of the test is met here, in that hearing the interlocutory appeal will significantly shorten the time, effort, and expense of the pending litigation. Here, there is little doubt that the dispute over whether the IRS must disclose Michael Avenatti's tax return and return information to the Trustee has already placed a burden on the parties and the court. Substantial time and resources have been devoted to the question. Forcing the Government to continue to litigate this question of law, will place it in legal jeopardy with the bankruptcy court, risking contempt, and having to further stake out its position in multiple rounds of motions, objections, and replies. Already, the Trustee is moving to take the deposition of the now retired Special Agent who led the criminal investigation of Michael Avenatti. This is separate from the Rule 45 subpoena served on the IRS which led to the Section 6103 Order. The Trustee has indicated that he will ask the Special Agent to reveal protected tax return information of Michael Avenatti. Hearing an interlocutory appeal of the Section 6103 Order will put a stop to the litigation over the Government's obligation to protect tax return information in the hands of the IRS, an issue that has already placed great burden and expense on the parties and the court.

///
///
///
///
///

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

WHEREFORE, because the United States has satisfied the factors for granting a motion for leave
to appeal the Section 6103 Order, and for the reasons set forth herein and, in the interests of justice, the
United States respectfully requests that this Court enter an order granting leave to appeal the Section
Order and granting such other and further relief as is just and proper.

                                               E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: June 27, 2023                  /s/ Najah J. Shariff
NAJAH J. SHARIFF
Assistant United States Attorney
Attorney for the United States of America

7

# EXHIBIT A

FILED & ENTERED

JUN 13 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Eagan Avenatti, LLP<br><br><br><br>Debtor(s). | Case No.:  8:19-bk-13560-SC<br><br>CHAPTER 7<br><br>Adv No:   8:20-ap-01150-SC<br><br>**ORDER (1) RE: § 6103 OBJECTION AND (2) SUSTAINING IN PART AND OVERRULING IN PART UNITED STATES' OBJECTION TO THE FORM OF THE TRUSTEE'S PROPOSED ORDER REGARDING DISCOVERY SOUGHT FROM THE INTERNAL REVENUE SERVICE BY PLAINTIFF TRUSTEE** |
| Richard A. Marshack, Ch 7 Trustee,<br><br>Plaintiff(s),<br><br>   v.<br><br>Honda Aircraft Company LLC<br><br>Defendant(s). | Date:        May 30, 2023<br>Time:        11:00 a.m.<br>Courtroom:  5C - Virtual |

The Court, having reviewed the Supplemental Brief of the United States Re: 26 U.S.C. § 6103 filed June 5, 2023 [Dk. 69] ("Supplemental Brief"), the Reply filed June 8, 2023 [Dk. 73] ("Reply"), the United States' Objection to the Form of the Trustee's

Proposed Order Regarding Discovery Sought From Internal Revenue Service by

Plaintiff Trustee filed June 5, 2023 [Dk. 70] ("Objection"), and the docket as a whole,

finds good cause, for the reasons set forth below, to enter the following order:

**I.  26 U.S.C. § 6103 Objection**

The Supplemental Brief and Reply were filed for consideration by the Court prior to

its entry of an order in connection with the May 30, 2023, hearing on Plaintiff Trustee's

Motion for Issuance of an Order to Show Cause re Contempt Against Internal Revenue

Service for Failure to Comply with Document and Deposition Subpoenas. The Court

finds the Reply well-taken.

While the legal authority contained in the Supplemental Brief is correct, it presents a

narrow view of the statute's exception as interpreted by the persuasive, but non-binding,

decisional authority cited by the Trustee.

The government asserts that Section 6103 prohibits the IRS from disclosing a

taxpayer's returns without explicit authority to do so. 26 USC 6103(a). Notwithstanding

the foregoing prohibition, Section 6103(h)(4)(C) allows the IRS to disclose return

information in a "judicial or administrative proceeding pertaining to tax administration…

if such if such return or return information directly relates to a transactional relationship

between a person who is a party to the proceeding and the taxpayer which directly

affects the resolution of an issue in the proceeding." 26 USC 6103(h)(4)(C).

The Code defines a tax administration proceeding as one including the

"assessment, collection, enforcement, litigation" of the internal revenue laws. 26 USC

6103(b)(4). The IRS asserts that the adversary proceeding does not meet this criteria

because it is a private civil litigation case seeking evidence of fraudulent transfers

related to a non-party (Michael Avenatti); however, the Trustee asserts that the

adversary proceeding amounts to a judicial tax proceeding citing three cases for the

proposition that the definition is broadly defined:  *In re Lawrence*, 2016 WL 1039524

(Bankr. D. Idaho Mar. 15, 2016); *In re Guidry*, 354 B.R. 824, 830 (Bankr. S.D. Tex.

2006); and *Noske v. United States*, 1993 WL 264531, *2, 998 F.2d 1018 (8th Cir. 1993),

affirming *Noske v. United States*, 1992 WL 235847 (D. Minn 1992). Each of the courts ascertained that the definition of a tax administration proceeding was broadly defined and concluded that a bankruptcy proceeding would fit the definition of a judicial proceeding under the code. See *Guidry*, 2006 Bank. LEXIS 3303 ("A bankruptcy proceeding is a federal judicial proceeding pertaining to tax administration… The substance of a judicial proceeding is determined prospectively, as of the initiation of the action. A debtor filed chapter 13 bankruptcy with the intent that all of the Debtor's assets and liabilities will be determined and accounted for in a payment plan. This includes tax liability. The intent to adjudicate tax liability is inherent in the bankruptcy filing, regardless of the final outcome of the adjudication."); *Noske*, 1992 U.S. Dist. LEXIS 12261 (D. Minn. 1992) ("The disclosures obviously occurred in the course of a judicial tax proceeding" (referring to a wrongful levy suit filed by a third party against the United States related to IRS levies).); *Lawrence*, 2016 WL 1039524 ("Debtors are obviously a party to this chapter 11 judicial proceeding, and this proceeding is, inter alia, manifestly one that addresses and is 'in connection with' the determination and collection of Debtors' civil tax liability. 26 U.S.C. § 6103(h)(4)(A).")

The government argues that the foregoing cases are distinguishable. *Guidry* and *Lawrence* relate to the provision of party-returns (Michael Avenatti is a non-party to the litigation here). *Noske* relates to the provision of non-party returns; however, the government was a party to the underlying litigation in *Noske* (the IRS is not a party to the litigation here).

While government is correct that none of the cases are directly on point, each generally address the four factors to authorize the release of return information, which appear to be met here: 1) the disclosure occurs in a judicial tax proceeding; 2) the taxpayer has a transactional relationship with a party; 3) the transactional relationship directly affects the resolution of an issue in the proceeding; and 4) the disclosure directly relates to the transactional relationship between the party and the taxpayer. See *Noske* for the factors.

1    Briefly, the factors appear to be met as follows:

2         1.    This adversary proceeding was filed by the Trustee seeking to avoid and

3    recover transfers made by Debtor to defendant under 544. As part of the cause of

4    action, the Trustee is permitted to "step into the shoes" of the IRS, asserting claims that

5    he or she could have brought under applicable non-bankruptcy law.

6         2.    Michael Avenatti (taxpayer) has a transactional relationship with Debtor

7    (party) due to Michael Avenatti's control of Debtor's assets.

8         3.    Michael Avenatti's control of Debtor's assets affects the resolution of the

9    proceeding as the contention is that the fraudulent transactions at issue were directed

10   by Michael Avenatti.

11        4.    Finally, the disclosure relates to the party and the taxpayer as the return

12   will determine if the extent of the alleged fraudulent transfers from Debtor directed by

13   Michael Avenatti.

14        For the foregoing reasons, the government's objection based upon 26 U.S.C.

15   §6103 is overruled.

16   **II.  Objection to the form of the Order**

17   Having reviewed the Objection, the Court overrules it in part, and sustains in part, as

18   set forth in the contemporaneously entered order.

19        **IT IS SO ORDERED.**

20

21

22

23

24

25       Date: June 13, 2023                          Scott C. Clarkson
                                                        United States Bankruptcy Judge
26

27

28

# EXHIBIT B

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
NAJAH J. SHARIFF (Cal. Bar No. 201216)
Assistant United States Attorney
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-2534
     Facsimile:  (213) 894-0115
     E-mail: najah.shariff@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re | Case No. 8:19-bk-13560-SC |
|---|---|
| EAGAN AVENATTI, LLP | Chapter 7 |
|     Debtor. | Adv. No. 8:20-ap-01150-SC |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP | UNITED STATES' NOTICE OF APPEAL AND STATEMENT OF ELECTION |
|     Plaintiff, | |
| v. | |
| HONDA AIRCRAFT COMPANY, LLC, a Delaware limited liability company, | |
|     Defendant. | |

NOTICE IS HEREBY GIVEN that non-party the United States of America (the "United States"), on behalf of its Agency, the Internal Revenue Service (the "IRS"), appeals from the Bankruptcy Court's Order Re: § 6103 Objection entered on June 13, 2023, filed at Docket No. 75, a copy of which is

1

attached as Exhibit A ("Section 6103 Order"), pursuant to 28 U.S.C. §158(a) and Federal Rules of

Bankruptcy Procedure 8003(a).[1]

<u>PARTY TO THE APPEAL</u>

The names of the parties to the appeal, along with the contact information for their respective

attorneys, are as follows:

| Party to the Appeal | Attorney of Record |
|---|---|
| 1) Richard A. Marshack, Chapter 7 Trustee for Eagan Avenatti, LLP ("Trustee") | John P. Reitman<br>jreitman@landaufirm.com<br>Monica Rieder<br>mrieder@landaufirm.com<br>Landau Law LLP<br>141 South Windsor Blvd.<br>Los Angeles, California 90004<br>Telephone: (310) 557-0050<br>Facsimile: (310) 557-0056 |
| 2) United States of America ("United States") | Najah J. Shariff, Esq.<br>najah.shariff@usdoj.gov<br>Assistant United States Tax<br>United States Attorney's Office<br>300 North Los Angeles Street, Suite 7211<br>Los Angeles, California 90012<br>Telephone: (213) 894-2534 |

<u>INTRODUCTION</u>

The Trustee has served on the IRS a Rule 45 subpoena in the subject adversary proceeding that

seeks, among other things, private "tax return and return information" of Michael Avenatti, as defined

by 26 U.S.C. § 6103.  The IRS and Michael Avenatti are not parties to the subject adversary

proceeding, and the determination of federal tax matters is not at issue.  The United States on behalf of

its agency the IRS, the custodian and holder of Michael Avenatti private tax information, has objected

to the disclosure of this information because Michael Avenatti has not consented to the disclosure of the

tax information, and accordingly, under Section 6103, Congress has directed that the information must

---

[1] The United States is appealing the Section 6103 Order filed at Docket No. 75 with respect to the Section 6103 issues only.  The Government is not appealing any other issue that is described in the Section 6103 Order filed at Docket No. 75.

not be disclosed.  On June 13, 2023, in a written order, the Bankruptcy Court overruled the

Government's objection, finding as a matter of law that the Trustee's adversary proceeding is a judicial

proceeding involving "tax administration" under Section 6103, thereby clearing the way for the

disclosure of the Avenatti private tax information, pursuant to the Rule 45 subpoena served on the IRS.

*See* attached Exhibit A.   However, because as a matter of law, the subject judicial proceeding does not

involve federal tax administration, the court's order must be reversed.  The Section 6103 Order strikes

at the heart of Congress' clear intention to substantially limit the disclosure of private tax return

information in the hands of the IRS, and if left unchallenged will undermine a bedrock principle of

federal tax administration, that taxpayer tax return information is to be kept secret except in limited

circumstances defined by the controlling statute, 26 U.S.C. § 6103.   The Government has not disclosed

Michael Avenatti's private tax return information, and seeks direct appeal to protect the integrity of tax

administration.

STATEMENT OF ISSUE ON APPEAL

Did the Bankruptcy Court err, as a matter of law, when it held that the Trustee's subject

adversary proceeding, in which the IRS and Michael Avenatti are not parties, were matters involving

"tax administration" under 26 U.S.C. § 6103(h), thereby clearing the way for the disclosure of Michael

Avenatti's private return and return information to the Trustee, pursuant to a Rule 45 non-party

subpoena served on the IRS.

STATEMENT OF JURISDICTION

For the reasons set forth below, the Bankruptcy Court's Section 6103 Order overruling the

Government's 26 U.S.C. § 6103 objections is a final order that is subject to direct appeal under the

collateral order doctrine. [2]

JURISDICTION VESTS UNDER THE COLLATERAL ORDER DOCTRINE

Under 28 U.S.C. § 1291, courts have jurisdiction over "appeals from all final decisions of the

district courts."  *United States v. Academy Mortgage Corporation*, 968 F.3d 996, 1002 (9th Cir. 2020).

---

[2] The Government is filing concurrently with this Notice of Appeal, a Motion for Leave to
Appeal Order Re: § 6103 Objection entered on June 13, 2023, filed at Docket No. 75.  This Motion for
Leave is being filed as an alternative to the Notice of Appeal as of right, in the event that the Court
disagrees with the Government and determines that the Section 6103 Order entered on June 13, 2023,
filed at Docket No. 75, is not going to be treated as a final order, but rather an interlocutory order.

3

The general rule is that discovery orders are interlocutory in nature and nonappealable under Section 1291. *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 n. 5 (9th Cir.1987) (citations omitted).  But final decisions also encompasses "a small set of prejudgment orders that are 'collateral to' the merits of an action and 'too important' to be denied immediate review." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). This has become known as the "collateral order doctrine."

Under the collateral order doctrine, an order is immediately appealable if it: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 105 (2009).  If one element of this test is not met, there is no basis for immediate appeal. *Truckshop.net, LLC v. Sprint Corp.* 547 F.3d 1065, 1068 (9th Cir. 2008).

These conditions are "stringent," *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, (1994), and efforts to expand the scope of the collateral order doctrine have been repeatedly rebuffed.  *Will v. Hallock*, 546 U.S. 345, 350 (2006).  The Supreme Court, however, has held that under the collateral order doctrine a party may appeal from a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (internal citation and quotation marks omitted).  Although the collateral order rule has been applied in a variety of circumstances, courts have generally denied review of pretrial discovery orders because they are not final. *See In re National Mortgage Equity Corp. Mortgage Pool Certificates Litig.*, 821 F.2d 1422, 1423 (9th Cir. 1987)(no appellate jurisdiction over court's order granting motion to compel the production of documents from third-party witness).  Because the Section 6103 Order strikes at the heart of tax administration, and cannot be narrowly viewed as a standalone discovery order, the district court should grant a direct appeal.

Applying the collateral order three part test, firstly, the Section 6103 Order conclusively determines the disputed question, namely that Michael Avenatti's tax return and return information, now in the hands of the IRS, is subject to disclosure to the Trustee without the consent of Michael

Avenatti.  The Section 6103 Order leaves nothing further to be determined.  It erroneously finds, as a matter of law, that the Trustee's adversary proceeding against an unrelated third party involves federal tax administration under Section 6103, while acknowledging no federal tax question is at issue.  This erroneous finding was reached after supplemental briefing was ordered by the Court and filed by the Government and the Trustee on the specific question of whether Michael Avenatti's private tax return and return information was subject to disclosure to the Trustee in violation of Section 6103.  The Section 6103 Order conclusively (and erroneously) holds that it is subject to disclosure, and therefore meets the first prong of the collateral order test.

Second, there can be no doubt that the Court's Section 6103 Order implicates an important right, and a bedrock principle of federal tax administration, namely that the taxpayer tax return information in the hands of the IRS shall remain secret and secure, except in limited circumstances.  This principle, which is completely separate from the merits of the Trustee's fraudulent conveyance action, is important to defend in the current litigation and as a guiding principle of federal tax administration.  If left unchallenged, the Court's Section 6103 Order, which essentially holds that Section 6103 veil of secrecy is cast aside whenever the IRS files a proof of claim in a bankruptcy case, has the potential to undermine federal tax administration.  For this reason, and because of the importance of the issue at stake in the Section 6103 Order, the second prong of the collateral order test has been satisfied.

Third, the Section 6103 Order is effectively unreviewable from a final judgment in the Trustee's adversary proceeding.  Final judgment will resolve the Trustee's dispute with the unrelated third parties regarding avoidance and recovery of certain transfers, and the Section 6103 issue will not be part of that judgment.  There will be nothing in the final judgment for the Government to appeal relating to the Section 6103 issue.  Further, a post judgment appeal by the Government would not provide an effective remedy for the damage caused to tax administration by the Court's Section 6103 Order. *See Perry v. Schwarzenegger* 591 F.3d 1147, 1157-58 (9th Cir. 2010).  And delaying review until entry of a final judgment will undermine the public's interest in keeping tax return information secure and secret, except in limited circumstances. *Id.*  This is not simply a matter of disclosing otherwise protected information, as in the case of attorney-client communications, the Bankruptcy Court's Section 6103 Order undermines a bedrock principle of tax administration, and appeal should not be delayed.  Here,

denying an immediate appeal and delaying review until the entry of final judgment would "imperil a substantial public interest," or "some particular value of a high order" and, for this reason, the third prong of the collateral order test has been met. *See Mohawk Indus. Inc. v. Carpenter* 558 U.S. at 100-101 (quoting *Will v. Hallock*, 546 U.S. at 352-53).

The United States asserts that the Section 6103 Order meets all three requirements under the collateral order doctrine. It is not reasonable to ask the United States to violate Section 6103 and disclose return and return information of a third party in a case in which Michael Avenatti is not a party, and has not consented to the disclosure. The Court is requesting the Government to do a legal impossibility. "The claims are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Will v. Hallock*, 546 U.S. 345, 349 (2006)) (internal quotation marks omitted). Thus, an immediate appeal under the collateral order doctrine is justified in this case.

FINALITY OF BANKRUPTCY ORDERS IN CONTRAST TO CIVIL ORDERS

Under section 158(a)(1), parties may appeal to a district court "final" orders in bankruptcy cases and proceedings "as of right." 28 U.S.C. § 158(a)(1); *see Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020); *Bullard v. Blue Bills Bank*, 575 U.S. 496 (2015). In the context of an adversary proceeding, an order is final if it would be considered an appealable final order in an ordinary federal civil action under 28 U.S.C. § 1291. *In re Belli*, 268 B.R. 851, 855 (B.A.P. 9th Cir. 2001) ("Finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291."). Section 158 provides the appellate court with jurisdiction over orders in bankruptcy cases that alter "the legal relationships among the parties." *Bullard*, 575 U.S. at 506. Therefore, to determine whether a particular order is final, the court examines "whether the bankruptcy court's decision: '1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.' " *In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017) (quoting *In re Perl*, 811 F.3d 1120, 1126 (9th Cir. 2016)).

"In contrast to 'ordinary civil litigation,' the rules of finality in bankruptcy are somewhat relaxed." *In re Mayer*, 28 F.4th 67, 70 (9th Cir. 2022) (internal quotation marks and citation omitted).

The Ninth Circuit has held that "the fluid and sometimes chaotic nature of bankruptcy proceedings necessitates a degree of jurisdictional flexibility." *In re Landmark Fence Co., Inc.*, 801 F.3d 1099, 1102 (9th Cir. 2015).   In assessing whether an order is "final" for purposes of 28 U.S.C. § 158, the Ninth Circuit has adopted a "pragmatic approach…" to finality in bankruptcy and focuses on whether the decision appealed from effectively determined the outcome of the case, and courts use "a more flexible standard." *In re Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016) (internal quotation marks and citation omitted). "This is because a bankruptcy case encompasses numerous individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *In re Mayer*, 28 F.4th at 70 (internal quotation marks and citations omitted, alterations normalized). "Thus, orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Id.*; *see also In re Marino*, 949 F.3d 483, 487 (9th Cir. 2020) ("An order in a bankruptcy proceeding is final and thus appealable is it alters the status quo and fixes the rights and obligations of the parties or alters the legal relationship among the parties." (internal quotation marks and citation omitted, alterations, normalized)).   "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657, n.3 (2006) (internal quotation marks and emphasis omitted).

As discussed above, under the Government's collateral order analysis, the gravity and finality of the Bankruptcy Court's Section 6103 Order warrants allowing a direct appeal in this case.  The Section 6103 Order meets the test for finality in the context of this adversary proceeding, and the Government's appeal should be heard.

///
///
///
///
///
///

7

<u>ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT</u>

Pursuant to 28 U.S.C. § 158(a)(1) and (c)(1)(A) and the Federal Rule of Bankruptcy

Procedure 8005(a), the United States elects to have the appeal of the Section 6103 Order filed at Docket

No. 75, heard by the United States District Court for the Central District of California.

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: June 27, 2023

/s/ Najah J. Shariff
NAJAH J. SHARIFF
Assistant United States Attorney
Attorney for the United States of America

# EXHIBIT A

FILED & ENTERED

JUN 13 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.:  8:19-bk-13560-SC |
| Eagan Avenatti, LLP | CHAPTER 7 |
| | Adv No:   8:20-ap-01150-SC |
| Debtor(s). | **ORDER (1) RE: § 6103 OBJECTION AND (2) SUSTAINING IN PART AND OVERRULING IN PART UNITED STATES' OBJECTION TO THE FORM OF THE TRUSTEE'S PROPOSED ORDER REGARDING DISCOVERY SOUGHT FROM THE INTERNAL REVENUE SERVICE BY PLAINTIFF TRUSTEE** |
| Richard A. Marshack, Ch 7 Trustee, | Date:       May 30, 2023 |
| Plaintiff(s), | Time:       11:00 a.m. |
| v. | Courtroom:  5C - Virtual |
| Honda Aircraft Company LLC | |
| Defendant(s). | |

The Court, having reviewed the Supplemental Brief of the United States Re: 26 U.S.C. § 6103 filed June 5, 2023 [Dk. 69] ("Supplemental Brief"), the Reply filed June 8, 2023 [Dk. 73] ("Reply"), the United States' Objection to the Form of the Trustee's

1  Proposed Order Regarding Discovery Sought From Internal Revenue Service by

2  Plaintiff Trustee filed June 5, 2023 [Dk. 70] ("Objection"), and the docket as a whole,

3  finds good cause, for the reasons set forth below, to enter the following order:

4  **I.  26 U.S.C. § 6103 Objection**

5  The Supplemental Brief and Reply were filed for consideration by the Court prior to

6  its entry of an order in connection with the May 30, 2023, hearing on Plaintiff Trustee's

7  Motion for Issuance of an Order to Show Cause re Contempt Against Internal Revenue

8  Service for Failure to Comply with Document and Deposition Subpoenas. The Court

9  finds the Reply well-taken.

10  While the legal authority contained in the Supplemental Brief is correct, it presents a

11  narrow view of the statute's exception as interpreted by the persuasive, but non-binding,

12  decisional authority cited by the Trustee.

13  The government asserts that Section 6103 prohibits the IRS from disclosing a

14  taxpayer's returns without explicit authority to do so. 26 USC 6103(a). Notwithstanding

15  the foregoing prohibition, Section 6103(h)(4)(C) allows the IRS to disclose return

16  information in a "judicial or administrative proceeding pertaining to tax administration…

17  if such if such return or return information directly relates to a transactional relationship

18  between a person who is a party to the proceeding and the taxpayer which directly

19  affects the resolution of an issue in the proceeding." 26 USC 6103(h)(4)(C).

20  The Code defines a tax administration proceeding as one including the

21  "assessment, collection, enforcement, litigation" of the internal revenue laws. 26 USC

22  6103(b)(4). The IRS asserts that the adversary proceeding does not meet this criteria

23  because it is a private civil litigation case seeking evidence of fraudulent transfers

24  related to a non-party (Michael Avenatti); however, the Trustee asserts that the

25  adversary proceeding amounts to a judicial tax proceeding citing three cases for the

26  proposition that the definition is broadly defined:  *In re Lawrence*, 2016 WL 1039524

27  (Bankr. D. Idaho Mar. 15, 2016); *In re Guidry*, 354 B.R. 824, 830 (Bankr. S.D. Tex.

28  2006); and *Noske v. United States*, 1993 WL 264531, *2, 998 F.2d 1018 (8th Cir. 1993),

affirming *Noske v. United States*, 1992 WL 235847 (D. Minn 1992). Each of the courts

ascertained that the definition of a tax administration proceeding was broadly defined

and concluded that a bankruptcy proceeding would fit the definition of a judicial

proceeding under the code. See *Guidry*, 2006 Bank. LEXIS 3303 ("A bankruptcy

proceeding is a federal judicial proceeding pertaining to tax administration… The

substance of a judicial proceeding is determined prospectively, as of the initiation of the

action. A debtor filed chapter 13 bankruptcy with the intent that all of the Debtor's assets

and liabilities will be determined and accounted for in a payment plan. This includes tax

liability. The intent to adjudicate tax liability is inherent in the bankruptcy filing,

regardless of the final outcome of the adjudication."); *Noske*, 1992 U.S. Dist. LEXIS

12261 (D. Minn. 1992) ("The disclosures obviously occurred in the course of a judicial

tax proceeding" (referring to a wrongful levy suit filed by a third party against the United

States related to IRS levies).); *Lawrence*, 2016 WL 1039524 ("Debtors are obviously a

party to this chapter 11 judicial proceeding, and this proceeding is, inter alia, manifestly

one that addresses and is 'in connection with' the determination and collection of

Debtors' civil tax liability. 26 U.S.C. § 6103(h)(4)(A).")

  The government argues that the foregoing cases are distinguishable. *Guidry* and

*Lawrence* relate to the provision of party-returns (Michael Avenatti is a non-party to the

litigation here). *Noske* relates to the provision of non-party returns; however, the

government was a party to the underlying litigation in *Noske* (the IRS is not a party to

the litigation here).

  While government is correct that none of the cases are directly on point, each

generally address the four factors to authorize the release of return information, which

appear to be met here: 1) the disclosure occurs in a judicial tax proceeding; 2) the

taxpayer has a transactional relationship with a party; 3) the transactional relationship

directly affects the resolution of an issue in the proceeding; and 4) the disclosure

directly relates to the transactional relationship between the party and the taxpayer. See

*Noske* for the factors.

Case 8:20-ap-01150-SC    Doc 87-2    Filed 06/23/23    Entered 06/23/23 16:38:31    Desc
United States Motion for Leave and Proposed Order    Page 26 of 30
Case 8:20-ap-01150-SC    Doc 87    Filed 06/13/23    Entered 06/13/23 09:39:01    Desc
Main Document    Page 25 of 30
United States Motion for Leave and Proposed Order    Page 26 of 30

1    Briefly, the factors appear to be met as follows:

2    1.    This adversary proceeding was filed by the Trustee seeking to avoid and

3    recover transfers made by Debtor to defendant under 544. As part of the cause of

4    action, the Trustee is permitted to "step into the shoes" of the IRS, asserting claims that

5    he or she could have brought under applicable non-bankruptcy law.

6    2.    Michael Avenatti (taxpayer) has a transactional relationship with Debtor

7    (party) due to Michael Avenatti's control of Debtor's assets.

8    3.    Michael Avenatti's control of Debtor's assets affects the resolution of the

9    proceeding as the contention is that the fraudulent transactions at issue were directed

10    by Michael Avenatti.

11    4.    Finally, the disclosure relates to the party and the taxpayer as the return

12    will determine if the extent of the alleged fraudulent transfers from Debtor directed by

13    Michael Avenatti.

14    For the foregoing reasons, the government's objection based upon 26 U.S.C.

15    §6103 is overruled.

16    **II. Objection to the form of the Order**

17    Having reviewed the Objection, the Court overrules it in part, and sustains in part, as

18    set forth in the contemporaneously entered order.

19    **IT IS SO ORDERED.**

20

21

22

23

24

25    Date: June 13, 2023

Scott C. Clarkson
United States Bankruptcy Judge

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): <u>United States' Notice of Appeal and Statement of Election</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _06/27/2023,_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _06/28/2023,_ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Judge Scott C. Clarkson  (by Personal Delivery)
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/27/2023 | Barbara Le | /s/ Barbara Le |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## PROOF OF SERVICE OF DOCUMENT (Attachment)

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Robert J Im**    robert.im@wilsonelser.com, irvineECF@mcglinchey.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Jack A. Reitman**    jareitman@gmail.com,
  srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**    jreitman@landaufirm.com,
  vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Monica Rieder**    mrieder@landaufirm.com,
  vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Najah J Shariff**    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): United States' Motion for Leave to Appeal Order Re: § 6103 Objection Entered on June 13, 2023 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  06/27/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  06/28/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Judge Scott C. Clarkson  (by Personal Delivery)
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/27/2023 | Barbara Le | /s/ Barbara Le |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE OF DOCUMENT (Attachment)

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Robert J Im**   robert.im@wilsonelser.com, irvineECF@mcglinchey.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Brian A Paino**   bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Jack A. Reitman**   jareitman@gmail.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**   jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Monica Rieder**   mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Najah J Shariff**   najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**