**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Sanford P. Shatz (SBN 127229)
Zeeshan Iqbal (SBN 337990)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:    (949) 381-5900
Facsimile:    (949) 271-4040
Email:    bpaino@mcglinchey.com
    sshatz@mcglinchey.com
    ziqbal@mcglinchey.com

Attorneys for *Defendant* **HONDA AIRCRAFT COMPANY, LLC**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No.:  8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.: 8:20-ap-01150-SC |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP<br><br>Plaintiff,<br><br>v.<br><br>HONDA AIRCRAFT COMPANY LLC, a Delaware limited liability company,<br><br>Defendant. | **DEFENDANT HONDA AIRCRAFT COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Request for Judicial Notice]*<br><br>**Hearing**:<br>Date:  December 12, 2023<br>Time: 1:30 p.m.<br>Place: ZoomGov |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that on **December 12, 2023**, at **1:30 p.m.**, or as soon thereafter as the matter may be heard, before the Honorable Scott C. Clarkson, United States Bankruptcy Judge for the Central District of California, *Defendant* Honda Aircraft Company, LLC ("Honda"), by and through its counsel of record, will and hereby does move (the "Motion") the Court for an order staying this action. **The hearing on the Motion will be conducted through ZoomGov and ZoomGov accessibility information will be provided by the Court in its tentative ruling prior to the hearing, which information can be viewed online at:**

**http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC**

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this Motion is made on the ground that there is a related, criminal forfeiture action pending in the U.S. District Court for the Central District of California that is nearing a resolution and the resolution of that action has the potential to resolve the claims in this action or otherwise simplify the issues in this case, while allowing the parties and the Court to preserve resources.

**PLEASE TAKE FURTHER NOTICE** that this Motion is made pursuant to the Court's inherent powers, and is based on the attached Memorandum, the request for judicial notice filed concurrently herewith, the pleadings and papers on file in the this case, the arguments and statements of counsel, and on such other and further matters as the Court may allow.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule ("LBR") 9013-1(f), any opposition to this Motion must be in writing and filed with the Court at least fourteen (14) days before the hearing on the Motion, and must be served on counsel for Honda at the address in the upper left-hand corner of this notice.

**PLEASE TAKE FURTHER NOTICE** that LBR 9013-1(h) states that, if you do not timely file and serve an objection or response to the Motion, the Court may find that you have consented to the relief requested therein.

Dated: November 20, 2023

**McGLINCHEY STAFFORD**

By: _____
BRIAN A. PAINO
SANFORD P. SHATZ
ZEESHAN IQBAL
Attorneys for *Defendant* **HONDA AIRCRAFT COMPANY, LLC**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Through this action, Richard Marshack (the "Trustee"), as Chapter 7 Trustee for Eagan Avenatti, LLP ("Debtor"), seeks to avoid certain transfers that were made to Honda Aircraft Company, LLC ("Honda"). The Trustee specifically seeks to avoid: (1) a transfer of $525,000 that was made to Honda on June 2, 2014; and (2) a transfer of $832,500 that was made to Honda on January 26, 2017. These transfers were made in connection with Honda's sale of a jet (defined below) to Michael Avenatti ("Avenatti"), Debtor's former managing partner. Concurrently with this action, the Trustee is pursuing a claim in a criminal forfeiture action that is premised on the very same transfers that serve as the basis of his claims in this action. More specifically, the trustee is using the transfers to claim a right to the jet and/or the proceeds from the sale thereof, which sale is imminent. Because the sale of the jet and determination of the Trustee's rights to the proceeds from the sale of the jet are imminent, a stay of this action is warranted. Indeed, a stay of this action pending the resolution of the Trustee's claim to the jet will not harm any party. The stay will otherwise minimize hardships and promote equities, while also simplifying the issues in this action. For these reasons, as discussed more fully herein, Honda requests a stay of this action.

## II.  FACTUAL & PROCEDURAL BACKGROUND

### A.  The Bankruptcy & Adversary Proceedings

On September 13, 2019, Brian Weiss, as the Receiver for Debtor, commenced the bankruptcy case underlying this action by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. (*See* Adversary Complaint ("Complaint" or "Compl.") [Doc. 1], ¶ 29). Shortly thereafter, on November 6, 2019, the Trustee filed an Application to Employ Landau Gottfried & Berger LLP (the "Application to Employ") wherein he sought approval to employ Landau Gottfried & Berger LLP, now known as Landau Law LLP ("Landau Law"), to pursue certain "claims." (*See* Request for Judicial Notice ("RJN"), **Ex. 1**). The Application to Employ defined these "claims" to include:

> [C]laims against Michael Avenatti (an affiliate of the Debtor), other affiliates of the Debtor, other persons or entities acting with or controlled by Mr. Avenatti and/or such affiliates, and third-

---

1    CASE NO.: 8:20-ap-01150-SC
**MEMORANDUM OF POINTS AND AUTHORITIES**

24614617.1

parties (a) who may have received transfers for the benefit of Mr. Avenatti and/or other affiliates of the Debtor for, among other things, the avoidance and recovery of fraudulent transfers, and/or (b) whose actionable conduct may have, in whole or in part, directly and proximately caused or been a substantial factor in causing or contributing to damages sustained by the Debtor and/or (c) whose actionable conduct may have, in whole or in part, directly and proximately caused or been a substantial factor in causing or contributing to damages sustained by former clients of the Debtor and for which the Debtor may be liable (collectively, the "Claims").

(*See* Application to Employ, 1:12-20). Pursuant to the Application to Employ, Landau Law agreed to pursue these claims on a contingency fee basis. (*See id.* at 1:21).

On February 26, 2020, the Court entered an order (the "Approval Order") approving the Application to Employ. (*See* RJN, **Ex. 2**).

Following the entry of the Approval Order, on October 20, 2020, the Trustee commenced this action by filing the aforementioned Complaint against Honda. (*See* Doc. 1). The Complaint enumerates claims against Honda for: **(1)** avoidance of 7-year transfers under 11 U.S.C. §§ 544(a), (b) and Cal. Civ. Code §§ 3439.04(a)(1), 3439.07, and 3439.09(a), (c); **(2)** avoidance of 4-year transfers under 11 U.S.C. §§ 544(a), (b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07; **(3)** avoidance of 4-year transfers made while Debtor was insolvent, under 11 U.S.C. §§ 544(a), (b) and Cal. Civ. Code §§ 3439.05 and 3439.07; **(4)** avoidance of 8-year transfers under 11 U.S.C. §§ 544(a), (b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07; and (5) recovery and preservation of avoided transfers under 11 U.S.C. § 550(a)(1), (a)(2), and § 551. (*See generally* Complaint).

According to the Complaint, between June 2, 2014, and January 26, 2017, Avenatti "caused [Debtor] to make $1,357,500 in transfers to Honda for his personal benefit." (*See* Compl., ¶ 30). These transfers (the "Transfers") allegedly consisted of: (1) a transfer in the amount of $525,000 made on June 2, 2014; and (2) a transfer in the amount of $832,500 made on January 26, 2017.[1] (*See* Compl., ¶ 30, **Ex. 1**). The Transfers were allegedly made in connection with Avenatti's purchase (through a separate company he owned) of a Honda Jet described as: model HA-420, Serial Number

---

[1] The total amount of the January 26, 2017 transfer was actually $2,500,000. (*See* Compl., **Ex. 1**). However, the Complaint alleges that Debtor's estate is entitled to only $832,500 of this sum – representing the purported contingency fee that Debtor was allegedly owed out of the $2,500,000 amount. (*See id.*) As noted below, the Trustee has conceded that the contingency fee amount is actually $825,000, not $832,500.

**MEMORANDUM OF POINTS AND AUTHORITIES**

24614617.1

SN42000029, U.S. Registration Number N22WP (the "Jet"). (*See* Compl., ¶ 30). Honda filed an answer to the Complaint on December 30, 2020. (*See* Doc. 12).

### B.    The Criminal Proceedings

On March 22, 2019, the United States Attorney for the Central District of California (the "Government") filed a criminal complaint against Avenatti, which initiated the criminal case identified as *U.S. v. Avenatti,* United States District Court for the Central District of California (the "District Court") Case No. 8:19-cr-00061-JVS01 (the "Criminal Action"). (*See* Compl., ¶ 28; RJN, **Ex. 3**). Within the Criminal Action, on August 1, 2022, the Government filed an Application for Preliminary Order of Forfeiture (the "Forfeiture Application"). (*See* RJN, **Ex. 4**). Pursuant to the Forfeiture Application, the Government sought the issuance of a preliminary order of forfeiture as to all of Avenatti's right, title, and interest in the Jet. (*See id.*) The District Court entered a Preliminary Order of Forfeiture on August 9, 2022 (the "Preliminary Forfeiture Order"). (*See* RJN, **Ex. 5**).

Following the entry of the Preliminary Forfeiture Order, on September 9, 2022, Spring Creek Research LLC ("Spring Creek") filed a Verified Petition Re Preliminary Order of Forfeiture in which it argued that the Jet was not subject to forfeiture and should be returned to Spring Creek. (*See* RJN, **Ex. 6**). Jason Frank Law, PLC ("JFL") thereafter submitted a Claim Form Pursuant to 21 U.S.C. § 853(n) on September 13, 2022, wherein it asserted an interest in the Jet. (*See* RJN, **Ex. 7**). And, on September 15, 2022, Alexis Gardner ("Gardner") filed a Verified Petition in which she asserted an interest in the Jet. (*See* RJN, **Ex. 8**).

Most relevant to this action, on September 15, 2022, the Trustee[2] filed a Claim and Request that the Court Adjudicate and Determine the Validity of the Claim (the "Trustee's Claim"). (*See* RJN, **Ex. 9**). Pursuant to the Trustee's Claim, the Trustee asserts an interest in the Jet on the basis of the very same Transfers that serve as the basis for his claims in this action.[3] (*See id.*)

On April 19, 2023, the Government filed a Status Update and Application Regarding Ancillary Proceedings ("Ancillary Proceeding Application") wherein it requested: (1) the setting of a

---

[2] The Trustee, Spring Creek, JFL, and Gardner are collectively referred to herein as the "Petitioners."

[3] The Trustee's Claim asserts that only $425,000 of the $525,000 June 2, 2014 transfer was used to acquire the Jet. However, in a later brief, the Trustee clarified that the entirety of the $525,00 June 2, 2014 transfer was used to acquire the Jet. (*See* RJN, **Ex. 10**, 3:14-20). The Trustee also clarified that Debtor's estate is claiming an entitlement to only $825,000 (rather than $832,500) from the January 26, 2017 transfer. (*See id.* at 6:15-23).

briefing schedule to resolve the competing claims to the Jet filed by Petitioners; and (2) if necessary, the referral of the matter to a Magistrate Judge for fact-finding and recommendation. (*See* RJN, **Ex. 11**). The District Court issued an order granting the Ancillary Proceeding Application on April 27, 2023, wherein it set a schedule for Petitioners to file briefs in support of their respective claims to the Jet. (*See* RJN, **Ex. 12**). This schedule was later modified pursuant to an agreement between Petitioners and the Government. (*See* RJN, **Ex. 3** [Doc. 1101]). Petitioners filed initial briefs on June 12, 2023, reply briefs on June 19, 2023, and supplemental briefs on July 3, 2023. (*See* RJN, **Ex. 3** [Docs. 1102-1109, 1117-1120]).

On June 26, 2023, the District Court conducted a Status Conference Re Disputed Property (the "Status Conference") wherein it heard arguments from Petitioners. (*See* RJN, **Ex. 13**). Prior to the Status Conference, the District Court issued a Tentative Ruling wherein it made tentative rulings regarding the priority of the respective claims to the Jet. (*See* RJN, **Ex. 14**). Although the Tentative Ruling has not been made final, the Tentative Ruling notably awarded the Trustee a claim to the Jet in the amount of $1.35 million – *i.e.*, the total amount of the Transfers (after accounting for the corrections specified above). (*See id.*)

On July 6, 2023, the Government filed a Joint Status Report wherein it informed the District Court that the Government and Petitioners agreed that the Jet should be sold on an interlocutory basis – *i.e.*, prior to the District Court's final ruling on Petitioners' respective claims. (*See* RJN, **Ex. 15**).

On July 25, 2023, the District Court issued a Minute Order Re Sale of Jet wherein it agreed that the Jet should be sold prior to the court's final determination on the allocation of the proceeds of the sale as between Petitioners. (*See* RJN, **Ex. 16**).

On September 1, 2023, the District Court entered an Order Establishing Procedures Governing the Sale of One Honda Jet (the "Sale Procedures Oder"). (*See* RJN, **Ex. 17**). The Sale Procedures Order orders the Government to sell the Jet within 120 days, or by **December 30, 2023**. (*See id.*)

///

///

### III. LEGAL STANDARD

Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted). In determining whether to grant a stay, courts in the Ninth Circuit weigh the following factors:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (identifying what are colloquially referred to as the *Landis* factors)).

### IV. THE *LANDIS* FACTORS WEIGH IN FAVOR OF GRANTING A STAY OF THIS ACTION

As stated above, there are currently two parallel actions through which the Trustee seeks recourse based on the Transfers – namely, this action and the Criminal Action. In this action, the Trustee has taken the position that the Transfers are avoidable and that Honda should have to return the Transfers (or their equivalent value) to Debtor's estate. By contrast, in the Criminal Action, the Trustee has effectively ratified the Transfers and taken the position that they serve as a basis for the Trustee to assert a claim to the Jet – *i.e.*, the validity of the Trustee's Claim in the Criminal Action is dependent on a finding that the Transfers were valid (or at least that the Trustee no longer seeks to avoid them).[4] Unlike this action, the forfeiture proceedings in the Criminal Action are nearing their

---

[4] Notably, avoidable transfers are subject to ratification. *See In re Lyondell Chem. Co.*, 503 B.R. 348, 383 n. 175 (Bankr. S.D.N.Y. 2014), *as corrected* (Jan. 16, 2014), and *abrogated by In re Trib. Co. Fraudulent Conv. Litig.*, 818 F.3d 98 (2d Cir. 2016) (collecting cases recognizing that a fraudulent transfer may be ratified); *see also In re Adelphia Recovery Tr.*, 634 F.3d 678, 691 (2d Cir. 2011) (recognizing that fraudulent transfers are voidable, not void, and can be expressly or

conclusion. Given the procedural posture of the forfeiture proceedings, and for the reasons discussed below, this action should be stayed pending the final resolution of the forfeiture proceedings.

### 1. Possible Damage from Granting of a Stay

The first factor courts consider when deciding whether to grant a stay of a proceeding is "the possible damage which may result from the granting of a stay." *Lockyer*, 398 F.3d at 1109. A "mere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. 2014) (citing *Lockyer*, 398 F.3d at 1110-12). The only conceivable damage that the Trustee would suffer if this action is stayed is a delay in the recovery of money. This is because the Complaint only seeks monetary relief. But even this conceivable harm is illusory. Indeed, it is possible – if not likely – that a stay of this action will ultimately increase the Trustee's recovery due to the terms of his contingency fee arrangement with Landau Law. As stated above, the Trustee retained Landau Law to pursue claims involving transfers of Debtor's assets on a contingency fee basis. Under the contingency fee arrangement, the contingency percentage is subject to escalation based on certain thresholds of hours worked. (*See* RJN, **Ex. 1**, p. 9, ¶ 8). Presumably, the fees expended (or attorney-hours worked) to recover the same transfers, whether it be in the context of an avoidance action or forfeiture action, are treated the same. Assuming this is the case, a stay of this action has the potential to enhance the Trustee's ultimate recovery by minimizing the amount of the fees that are awardable under the aforementioned contingency fee agreement. By virtue of the foregoing, the first *Landis* factor weighs in favor of granting a stay or, at worst, is neutral.

### 2. Hardship or Inequity

Courts recognize that, "[a]lthough it is not necessarily hardship for a party to litigate similar claims on a mere two fronts, hardship may nonetheless occur where there is the potential for inconsistent rulings and resulting confusion." *Vance v. Google LLC*, 2021 WL 534363, at *5 (N.D. Cal. 2021) (citation and internal quotations omitted). Further, substantial, unrecoverable, and wasteful discovery and pretrial motion practice on matters that could be mooted or otherwise

---

impliedly ratified); *Bresnahan v. Dunn (In re Dunn)*, 2006 WL 6810930 (9th Cir. BAP 2006) ("A creditor who ratifies or participates in a fraudulent transfer may be estopped from attacking the transfer.").

resolved in another proceeding may amount to hardship or inequity that would justify a stay. *See Finder v. Leprino Foods Co.*, 2017 WL 1355104, at *4 (E.D. Cal. 2017). Importantly, the resolution of the forfeiture issues in the Criminal Action has the potential to obviate the need for wasteful discovery and motion practice in this case. This is because the resolution of these issues may be dispositive in this case. Indeed, as previously noted, ratification is a defense to an avoidable transfers action. Honda submits that the Trustee's conduct in the Criminal Action to-date, even in the absence of a final determination on the Trustee's Claim, is sufficient to establish ratification. However, the District Court's final determination regarding the validity of the Trustee's Claim will remove any doubt on this issue.

Moreover, the principles of law and equity, including the law relating to estoppel, are applicable to the Trustee's claims in this action. *See* Cal. Civ. Code § 3439.12. If the Trustee is successful in asserting a claim to the Jet (or the proceeds from the sale of the Jet), he should be judicially estopped from continuing to pursue his claims in this action. *See Copelan v. Techtronics Indus. Co.*, 95 F.Supp.3d 1230, 1237 (S.D. Cal. 2015) (discussing equitable doctrine of judicial estoppel). The ruling in the Criminal Action may otherwise deprive the Trustee of standing to pursue his claims in this action. Indeed, "Article III standing demands that an 'actual controversy' persist throughout all stages of litigation." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013). One component of Article III standing is the requirement that a litigant have suffered an injury in fact. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (For Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."). In the event the Trustee is awarded a claim to the Jet and receives the full value of the Transfers, he will no longer have a legally cognizable "injury" for purposes of Article III. Simply stated, the adjudication of the Trustee's Claim in the Criminal Action will bear significantly on the continued viability of the Trustee's claims in this action.

As noted above, the sale of the Jet is otherwise imminent as there is a December 30, 2023 deadline for the sale to be completed. Given this fact, the forfeiture issues in the Criminal Action are likely to be resolved well before the resolution of the Trustee's claims in this action. It follows that a

stay of this action is likely to minimize the expenditure of resources for wasteful discovery and motion practice that may prove to be unnecessary. The stay would also avoid the possibility of inconsistent rulings that: (1) the Trustee has a claim to the proceeds from the sale of the Jet on the basis of the Transfers; and (2) at the same time, a determination in this case that Honda is required to return the very same Transfers to the Trustee. All things considered, the hardship and inequity factors weigh in favor of granting a stay, especially when considering that the stay could result in the Trustee recovering more, as previously discussed. Thus, the second *Landis* factor weighs in favor of granting a stay.

### 3. Orderly Course of Justice

To determine whether "[a] stay will contribute to the orderly course of justice," courts look to whether the stay will simplify or complicate "'issues, proof, and questions of law.'" *Icon at Panorama, LLC v. Sw. Reg'l Council of Carpenters*, 2020 WL 5751228, at *3 (C.D. Cal. 2020). A stay of this action will undoubtedly simplify issues and questions of law. Indeed, as previously discussed, the resolution of the forfeiture issues in the Criminal Action will likely be dispositive of the issues in this case. This necessarily means that a stay of this action has the potential to obviate the need for the parties and Court to expend substantial resources on investigating, analyzing, and briefing complicated avoidance issues. It follows that the final *Landis* factor weighs in favor of granting a stay.

### V. CONCLUSION

For the reasons set forth herein, this action should be stayed pending: (1) the sale of the Jet; and (2) a final determination by the District Court regarding the Trustee's Claim.

Dated: November 20, 2023        **McGLINCHEY STAFFORD**

By: _____
BRIAN A. PAINO
SANFORD P. SHATZ
ZEESHAN IQBAL
Attorneys for *Defendant* **HONDA AIRCRAFT COMPANY, LLC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

McGlinchey Stafford, 18201 Von Karman Ave., Suite 350, Irvine, California 92612

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT HONDA AIRCRAFT COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 20, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Thomas Coker    Thomas.coker@usdoj.gov, USACAC.criminal@usdoj.gov
- Robert J Im    robert.im@wilsonelser.com, irvineECF@mcglinchey.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Brian A Paino    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- Jack A. Reitman    jareitman@gmail.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- John P. Reitman    jreitman@landaufirm.com, vrichmond@landaufirm.com;amendes@landaufirm.com;hrichmond@landaufirm.com
- Monica Rieder    mrieder@landaufirm.com, vrichmond@landaufirm.com;amendes@landaufirm.com;hrichmond@landaufirm.com
- Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On November 20, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court – Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 28, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 20, 2023 | Carol Rico | /s/ Carol Rico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                             **F 9013-3.1.PROOF.SERVICE**