JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
LANDAU LAW LLP
141 South Windsor Blvd.
Los Angeles, California 90004
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>　　　　　Debtor<br><hr>RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HONDA AIRCRAFT COMPANY, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01150-SC<br><br>**PLAINTIFF TRUSTEE'S OPPOSITION TO DEFENDANT HONDA AIRCRAFT COMPANY, LLC'S MOTION FOR STAY OF PROCEEDING; DECLARATION OF JOHN P. REITMAN IN SUPPORT THEREOF**<br><br>**<u>Hearing Date and Time:</u>**<br>Date:   December 12, 2023<br>Time:  1:30 p.m.<br>Place:  Courtroom 5C<br>　　　　411 West Fourth Street<br>　　　　Santa Ana, CA 92701-4593<br><br>[Via ZoomGov] |

**TABLE OF CONTENTS**

I. STATEMENT OF FACTS ..................................................................................................1

    A. Claims Asserted in the Forfeiture Proceeding .......................................................1

    B. The Timing of the Resolution of the Forfeiture Claims Is Uncertain, and Final Resolution May Be Substantially Delayed .....................................................2

    C. Even If and When a Favorable Final Ruling Is Entered, the Estate May Not Receive Payment in Full in the Forfeiture Proceeding ...........................................4

    D. Whether or Not this Adversary Proceeding Is Stayed Has No Effect on the Contingency Fee to Be Paid to the Trustee's Counsel ...........................................4

II. ANALYSIS ........................................................................................................................5

    A. Honda Bears the Burden of Demonstrating that the Court Should Exercise Its Discretion to Stay this Adversary Proceeding .......................................................5

    B. Honda's Contention That Ratification or Judicial Estoppel May Bar the Trustee's Claims in this Adversary Proceeding Is Baseless ..................................5

    C. The First *Landis/Lockyer* Factor Weighs Against a Stay, Because a Stay May Cause Some Damage .......................................................................................9

    D. The Second *Landis/Lockyer* Factor Weighs Against a Stay, Because Honda Has Not Established That It Would Suffer Any Cognizable Harm in the Absence of a Stay ................................................................................................10

    E. The Third *Landis/Lockyer* Factor Weighs Against a Stay, Because the Orderly Course of Justice Would Best Be Served by the Adversary Proceeding Going Forward ......................................................................................12

    F. A Stay Is Inappropriate Because Final Resolution of the Forfeiture Proceeding May Be Several Years in the Future ....................................................13

III. CONCLUSION ................................................................................................................14

# TABLE OF CONTENTS

**CASES**

*Adelphia Recovery Tr. v. HSBC Bank USA (In re Adelphia Recovery Tr.)*,
    634 F.3d 678 (2d Cir. 2011) ........................................................................................... 6, 8

*Bresnahan v. Dunn (In re Dunn)*,
    2006 Bankr. LEXIS 4813 (B.A.P. 9th Cir. Oct. 31, 2006) .................................................. 6

*Brincko v. Rio Props., Inc. (In re Nat'l Consumer Mortg., LLC)*,
    No. 2:10-CV-00930-PMP-PAL, 2014 U.S. Dist.
    LEXIS 63695 (D. Nev. May 8, 2014) ................................................................................ 7

*Clinton v. Jones*,
    520 U.S. 681 (1997) ........................................................................................................... 5

*DeMartini v. Johns*,
    693 F. App'x 534 (9th Cir. 2017) ....................................................................................... 5

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
    498 F.3d 1059 (9th Cir. 2007) .......................................................................................... 13

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*,
    889 F.2d 899 (9th Cir. 1989) .............................................................................................. 5

*In re Lyondell Chem. Co.*,
    503 B.R. 348 (Bankr. S.D.N.Y. 2014) ................................................................................ 6

*Lively v. Caribbean Cruise Line, Inc.*,
    No. 2:14-cv-00953 JAM CKD, 2014 U.S. Dist.
    LEXIS 124377 (E.D. Cal. Sep. 3, 2014) ....................................................................... 9, 10

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ................................................................................ 9, 10, 12

*Monastra v. Konica Bus. Machs., U.S.A.*,
    43 Cal. App. 4th 1628 (1996) ............................................................................................. 8

*Perez v. Discover Bank*, 74 F.4th 1003 (9th Cir. 2023) ............................................................. 9

*Sacro v. Brookdale Senior Living Cmtys., Inc.*,
    No. CV 17-02632-BRO (SSx), 2017 U.S. Dist.
    LEXIS 166678 (C.D. Cal. July 7, 2017) .......................................................................... 10

**STATUTES**

11 U.S.C. § 550 ........................................................................................................................... 7

Cal. Civ. Code § 2224 ................................................................................................................. 2

Cal. Civ. Code § 3439.07 ............................................................................................................ 8

Cal. Civ. Code § 3439.08(b)(1) ................................................................................................... 8

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Plaintiff Richard A. Marshack (the "Trustee"), the Chapter 7 trustee for the bankruptcy estate (the "Estate") of Eagan Avenatti, LLP ("EA"), hereby respectfully submits his opposition to the *Motion to Stay Proceeding* [Docket No. 153] (the "Motion") filed by defendant Honda Aircraft Company, LLC ("Honda").

As set forth below, Honda bears the burden of demonstrating that the Court should exercise its discretion to stay this adversary proceeding (which was already substantially delayed due to criminal proceedings in the district court), pending the outcome of potentially years-long forfeiture proceedings in the district court, and Honda has not met that burden. Rather, this adversary proceeding should proceed towards trial in conjunction with the parallel adversary proceedings in front of this Court (and if anything occurs in the forfeiture proceeding that Honda believes affects the Trustee's ability to pursue his claims in this adversary proceeding, Honda may bring an appropriate motion before the Court at that time).

## I. STATEMENT OF FACTS

### A. Claims Asserted in the Forfeiture Proceeding

As set forth in the Motion, a private jet manufactured by Honda and purchased, partially with EA's funds, by EA's former managing partner Michael Avenatti ("Avenatti") in 2017 (the "Honda Jet") is subject to criminal forfeiture proceedings in Avenatti's criminal case, pending before the United States District Court for the Central District of California (the "District Court"). Four competing claims to the proceeds from the anticipated sale of the Honda Jet have been submitted to the District Court. One of the claimants, Jason Frank Law, PLC ("JFL"), bases his claim on a judgment lien obtained against Avenatti in 2018. *See* District Court Case No. 8:19-00061-JVS ("Criminal Case"), Docket Nos. 1104, 1107, & 1119. The remaining three claimants – the Trustee, former EA client and Avenatti fraud victim Alexis Gardner ("Gardner"), and Spring Creek Research, LLC ("Spring Creek") – base their claims in part or in whole on the use of their funds to purchase the Honda Jet. *See* Criminal Case Docket Nos. 1102, 1103, & 1105.

In particular, the Trustee's claim asserts that the wrongful transfers of EA's funds to Honda for the personal benefit of Avenatti, at a time when EA was not paying its legitimate creditors, gives the Estate a constructive trust interest in the Honda Jet in the amount of those

1

transfers. *See, e.g.,* Criminal Case Docket No. 1102, page 8, line 16, through page 9, line 25 ("Because Avenatti used EA's partnership funds for his personal benefit when he caused EA to make the transfers to Honda, and caused EA to make those transfers at times when EA was not paying its substantial debts to legitimate creditors as they became due, the transfers breached Avenatti's fiduciary duties both to EA and to its creditors. . . . Under California law, a constructive trust is created whenever property is acquired by 'fraud, . . . the violation of a trust, or other wrongful act.' Cal. Civ. Code § 2224. . . . [T]he transfers of EA's funds to Honda violated Avenatti's fiduciary duties to EA and its creditors, and therefore the property interest in the Honda Jet that Avenatti acquired with those funds is subject to a constructive trust in favor of EA's Estate. . . . Accordingly, the Estate has a constructive trust interest of $1,406,300[1] in the Honda Jet that is superior to the government's interest.").

Honda has not submitted a claim to the Honda Jet or its proceeds, and is not a party to the litigation before the District Court (either the forfeiture proceeding or Avenatti's criminal case as a whole). *See* Docket of District Court Case No. 8:19-cr-00061-JVS.

**B.     The Timing of the Resolution of the Forfeiture Claims Is Uncertain, and Final Resolution May Be Substantially Delayed**

At the order of the District Court, the four claimants submitted their opening and reply briefs regarding their respective claims to the Honda Jet on June 12 and June 19, respectively. The District Court held a hearing on June 26. As noted by Honda, the District Court issued a tentative ruling prior to the hearing, tentatively proposing to "giv[e] priority to following claims in the following order: Spring Creek's legal interest of $488,800; Ms. Gardner's legal interest of $1.675 million; The Estate's legal interest of $1.35 million; Spring Creek's remaining interest $1,496,200; Remaining interest to JFL." Adv. Docket No. 154, page 558.

However, at the hearing, JFL's counsel argued that JFL's judgment lien trumps the constructive trust claims of the other claimants, and the District Court ordered the claimants to

---

[1] As noted by Honda in the Motion, the amount of the claim was revised slightly in the Trustee's subsequent reply brief in the District Court. The reply brief sought a total of $1,360,000, of which the District Court has allowed $1,350,000 in its tentative ruling. Adv. Docket No. 154, pages 514 & 558.

2

submit supplemental briefs regarding that issue by July 3.  Criminal Case Docket Nos. 1110 & 1114.  In its supplemental brief, JFL argued:

> If the Court finds that Avenatti is the alter ego of Passport 420 [the entity that held title to the Honda Jet], then JFL's lien attaches to 100% of the proceeds from the sale of the Jet.  If, instead, the Court treats Passport 420 as a distinct corporation, then it must honor the terms of the Passport 420 Operating Agreement entitling AA (i.e., Avenatti) to 50% of the proceeds – in which case JFL would be entitled to 50% of the gross proceeds to satisfy its lien. . . . The Court therefore cannot disperse this money until the alter ego issues are determined.

Criminal Case Docket No. 1119, page 11, lines 16-27.  JFL's position, if adopted by the District Court, could have two consequences – (1) substantial additional litigation may be necessary, and (2) the Estate may receive less or no distribution on account of its claim.

The Trustee believes, and argued to the District Court, that JFL is simply wrong about the law (based on conflation of the two types of "constructive trust" discussed in California case law), and that the Estate's claim must be paid in full before JFL can receive any distribution.  Criminal Case Docket No. 1117.  However, despite that the parties' supplemental briefing was completed almost five months ago, the District Court has neither issued any ruling nor set a further hearing on the competing claims to the Honda Jet.  It is therefore entirely unclear at this time whether the District Court believes that further proceedings are necessary; if so, what form those proceedings will take and how lengthy they might be; and, if not, when the District Court intends to issue a ruling on the parties' competing claims.

Additionally, even if and when the District Court issues its ruling, one or more of the four competing claimants may appeal the District Court's ruling to the Ninth Circuit (the Trustee himself may do so if the ruling is erroneous and harmful to the Estate), potentially adding years before the final resolution of the competing claims.  In particular, counsel for Gardner and for Spring Creek have indicated that, if the District Court's tentative ruling is adopted as its final order, they may appeal that order.

/ / /

3

### C. Even If and When a Favorable Final Ruling Is Entered, the Estate May Not Receive Payment in Full in the Forfeiture Proceeding

Apart from the uncertainty regarding the timing of a final resolution of the forfeiture proceedings, there is also substantial uncertainty regarding the amount (if any) that the Estate will receive on account of its claim. If JFL's position were adopted in full (though the Trustee believes that would be contrary to established law), the Estate might receive no distribution at all. Even if the District Court simply adopts its prior tentative ruling, the Estate would not be "in the money" until after payment of $488,800 to Spring Creek and $1.675 million to Alexis Gardner (and possibly also after payment of $185,525.47 in "storage and maintenance costs" claimed by the U.S. Government contractor who had custody of the Honda Jet, on which the District Court does not appear to have ruled yet). Adv. Docket. No. 154, page 558; Criminal Case Docket No. 1129, page 3, lines 23-24. Therefore, the Estate would begin receiving payment on its claim only after $2,163,800 (or $2,349,325.47) had been paid out; and wouldn't be paid in full unless the proceeds from the sale of the Honda Jet totaled at least $3,513,800 (or $3,699,325.47). Given that the purchase price of the Honda Jet in 2017 when it was brand new was only approximately $4.4 million (Adv. Docket No. 154, page 555, fn. 8), there is at least a reasonable chance that the proceeds from its sale almost seven years later, net of auction sale costs, will be less than the approximately $3.5 million (or $3.7 million) that would be necessary for the Estate to receive full payment on its claim under the scenario set forth in the District Court's tentative ruling.[2]

### D. Whether or Not this Adversary Proceeding Is Stayed Has No Effect on the Contingency Fee to Be Paid to the Trustee's Counsel

In addition to being premised on rather baffling logic, Honda's argument that the Estate would benefit from the stay because it would allegedly reduce the amount to be paid to the Trustee's special litigation counsel under the terms of its contingency fee employment (Motion, page 6, lines 10-20) is simply incorrect. While Honda is correct that the contingency fee

---

[2] Clarification on the amount of proceeds from the sale likely will be received prior to the hearing on the Motion, since the Honda Jet is scheduled to be auctioned on December 6. However, the allocation of those proceeds (and therefore the recovery, if any, by the Estate from those proceeds) will still remain in doubt until the entry of a final order (i.e., an order that is no longer subject to further appeal) deciding the parties' respective claims.

4

percentage to be paid to the Trustee's special litigation counsel Landau Law LLP ("Landau Law") increased, up to a certain maximum percentage, with the number of hours worked by Landau Law, Landau Law has already worked far in excess of the number of hours required for Landau Law to receive the maximum contingency fee percentage.  Declaration of John P. Reitman attached hereto, ¶ 2.  Accordingly, whether or not Landau Law works additional hours in connection with this adversary proceeding will have no effect whatsoever on the contingency fee percentage to be received by Landau Law, and Honda's postulated "benefit" to the Estate from a stay is non-existent.

## II. ANALYSIS

### A. Honda Bears the Burden of Demonstrating that the Court Should Exercise Its Discretion to Stay this Adversary Proceeding

As the proponent of a stay, Honda bears the burden of establishing that it would be appropriate for the Court to exercise its discretion to stay this adversary proceeding.  As noted by Honda in the Motion, courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also, e.g., Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("We review a district court's ruling on a party's request to stay proceedings for an abuse of discretion.").  Honda failed to note, however, that the Supreme Court held in the same case that "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. at 708; *see also, e.g., DeMartini v. Johns*, 693 F. App'x 534, 538 (9th Cir. 2017) ("The party who moves for a stay has the burden to make out a clear case of hardship or inequity in being required to go forward . . . .") (internal quotation marks and citation omitted).  Honda therefore bears the burden of establishing that there is a need for its requested discretionary stay of this adversary proceeding.

### B. Honda's Contention That Ratification or Judicial Estoppel May Bar the Trustee's Claims in this Adversary Proceeding Is Baseless

Any arguments about the effect of a hypothetical future District Court Order on the Trustee's claims in this adversary proceeding are, of course, premature and not properly before the Court at this time.  Nonetheless, since much of Honda's Motion is premised on the likely success

5

of its arguments that the Trustee's litigation position in the forfeiture proceeding and/or a District Court order approving that position would bar the Trustee's claims in this adversary proceeding, the Trustee addresses those arguments.

First, Honda argues that the Trustee's actions in seeking a recovery in the forfeiture action based on the Estate's constructive trust interest in the Honda Jet arising from the wrongful transfers of EA's funds to Honda (and/or an order by the District Court awarding the Trustee such a recovery) constitutes a "ratification" of those transfers that would bar the Trustee from continuing to pursue claims against Honda for avoidance and recovery of the transfers. However, none of the case law cited by Honda supports that proposition. The cases cited by Honda address situations where a party who in some way participated or contemporaneously acquiesced in a transfer (or the assignee of such a party) later seeks to avoid and recover the same transfer, and therefore stand only for the unremarkable proposition that a party cannot seek to avoid a transfer he, she, or it previously made or approved. *See Adelphia Recovery Tr. v. HSBC Bank USA (In re Adelphia Recovery Tr.)*, 634 F.3d 678, 682 (2d Cir. 2011) ("This case requires us to decide whether a debtor-in-possession is barred from bringing fraudulent conveyance claims against three banks because it actively participated in and facilitated a sale of the assets of a different debtor-in-possession, to which it was a creditor, while remaining silent about the possibility that it would bring fraudulent conveyance claims with respect to its prior take-outs of loans secured by those assets."); *Bresnahan v. Dunn (In re Dunn)*, 2006 Bankr. LEXIS 4813, at *22-*24 (B.A.P. 9th Cir. Oct. 31, 2006) ("[A]s a participant in the purported fraudulent transfer (i.e., the Resolution designating Note payments as bonus payments from Monterey to Creditor for services previously rendered), Debtor lacked standing under California law to assert the fraudulent transfer claims. . . . [T]o the extent Debtor is acting derivatively on behalf of Monterey, he lacks standing because Monterey lacks standing to assail a fraudulent transfer in which it participated. . . . [T]o the extent Debtor is acting as a creditor of Monterey in seeking to invalidate the purported fraudulent transfer, he cannot do so because he executed the Resolution giving rise to the transfer."); *In re Lyondell Chem. Co.*, 503 B.R. 348, 383-84 (Bankr. S.D.N.Y. 2014) ("[T]he LBO Lenders must be deemed to have ratified the transfers incident to the LBO . . . . [T]o the extent the Creditor Trust

6

1  asserts fraudulent transfer claims as assignee of the LBO lenders, such claims must be dismissed. . . . Creditors who authorized or sanctioned the transaction, or, indeed, participated in it themselves, can hardly claim to have been defrauded by it, or otherwise to be victims of it. . . . The Court has difficulty seeing how the Creditor Trust could be plausibly alleging that any LBO Lender was ignorant of the fact that it was lending for the purpose of financing an LBO, and that LBO proceeds would then go to stockholders—especially since . . . the loan documents required loan proceeds to be used for that purpose.").

None of the ratification cases cited by Honda deal with a bankruptcy trustee, who had nothing to do with the transfers and was appointed years after they were completed, later asserting simultaneous claims to recover those transfers from multiple sources – which is hardly surprising, given that 11 U.S.C. § 550 expressly permits a bankruptcy trustee to seek recovery of transfers from multiple sources, subject to the limitation that the trustee cannot recover the same amount twice. *See* 11 U.S.C. § 550(a) ("[T]he trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."); 11 U.S.C. § 550(d) ("The trustee is entitled only to a single satisfaction under subsection (a) of this section."). Anything less than payment in full of the amount of the transfers sought by the Trustee will not bar the Trustee from continuing to seek any unpaid amount from other sources. *See, e.g., Brincko v. Rio Props., Inc. (In re Nat'l Consumer Mortg., LLC)*, No. 2:10-CV-00930-PMP-PAL, 2014 U.S. Dist. LEXIS 63695, at *12-*13 (D. Nev. May 8, 2014) ("[T]he Trustee sued Bank of America and Rio for the same wrong consisting of the fraudulent transfer of funds represented by fifty-nine cashier's checks issued by Bank of America, and deposited at Rio, in the aggregate amount of $9.67 million. The Trustee settled his claims against Bank of America for $750,000. However, Rio is not entitled to an offset for the $750,000 settlement because the Trustee will not receive a double recovery. The jury found that all of the Bank of America checks were transferred to Rio, resulting in a $9.67 million loss for the bankruptcy estate. The Trustee has recovered $750,000 from Bank of America and $1.48 million from Rio, totaling $2.23 million. The Trustee thus has not received

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

full satisfaction of the estate's loss for all of the Bank of America transfers, much less a double recovery.") (record citations omitted). Additionally, seeking the imposition of a constructive trust (which forms the basis of the Trustee's claims in the forfeiture proceeding) as a remedy for fraudulent transfers is entirely consistent with seeking a money judgment in the amount of the fraudulent transfers. *See, e.g.,* Cal. Civ. Code § 3439.07(a) (providing that a fraudulent transfer plaintiff may obtain various forms of specific relief and, "[s]ubject to applicable principles of equity . . . [a]ny other relief the circumstances may require"); Cal. Civ. Code § 3439.08(b)(1) ("[T]he creditor may recover judgment for the value of the asset transferred . . . ."); *Monastra v. Konica Bus. Machs., U.S.A.*, 43 Cal. App. 4th 1628, 1645 (1996) ("The remedies for a transfer that is fraudulent under Civil Code section 3439.04 or section 3439.05 are set forth in section 3439.07. These remedies include appropriate equitable remedies . . . . A constructive trust plainly is a proper remedy under section 3439.07, subdivision (a)(3).") (internal citation omitted). Since the Trustee is therefore legally entitled to seek recovery of fraudulent transfers from multiple sources, and there is no conflict between seeking the imposition of a constructive trust and seeking a money judgment for fraudulent transfers, it is hard to conceive how the exercise of those rights could constitute a ratification of the same fraudulent transfers sufficient to defeat the Trustee's avoidance claims. Instead, the Trustee is entitled to continue pursuing multiple sources of recovery until he receives payment in full of the $1,350,000 lost by the Estate as a result of the transfers of EA's funds to Honda for the Honda Jet.[3]

      The cases cited by Honda are further distinguishable on the grounds that they address situations where a party expressed approval of (or at least knowing non-objection to) the transfers later sought to be invalidated. *See, e.g., Adelphia, supra,* 643 F.3d at 691 ("Ratification is the act of knowingly giving sanction or affirmance to an act . . . .") (internal quotation marks and citation omitted). In the present case, the Trustee is far from expressing approval of or non-objection to the transfers to Honda (which, in any event, were completed long before the Trustee was even appointed). Instead, the Trustee is taking the same position regarding the transfers in both the

---

[3] Obviously, a partial final recovery in either action would reduce the amount thereafter available for the Trustee to recover in the other action.

8

forfeiture proceeding and this adversary proceeding – namely, that the transfers were wrongful and harmed EA's creditors, and that, as a result, the Trustee is entitled to recover those transfers or the proceeds thereof for the benefit of EA's creditors.

The consistency of the Trustee's positions in both proceedings also nullifies Honda's argument regarding judicial estoppel, which requires (among other things) the assertion of inconsistent positions at different points in litigation or across two different actions. *See, e.g., Perez v. Discover Bank*, 74 F.4th 1003, 1008 (9th Cir. 2023) ("Judicial estoppel protects the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment and prevents the perception that either the first or the second court was misled. We find a party is estopped from making an argument when 1) its current position is clearly inconsistent with its previous position; 2) the party has succeeded in persuading a court to accept the party's earlier position; and 3) the party, if not estopped, would derive an unfair advantage or impose an unfair detriment on the opposing party. A party's current position is clearly inconsistent with its previous position if the current position contradicts the previous position.") (internal quotation marks and citations omitted). The application of judicial estoppel would be appropriate only if the Trustee successfully took a position in the forfeiture proceeding that contradicted his position in this adversary proceeding (e.g., if the trustee were to, say, enforce a contract and obtain its benefits, and then seek to rescind the contract) – but that is not possible because, as explained, the Trustee's positions are entirely consistent. The Trustee is simply seeking recoveries from two different sources for the harm caused to the Estate by the transfers of EA's funds to Honda that (as the Trustee is arguing in both proceedings) were wrongful and detrimental to creditors. Accordingly, Honda has failed to demonstrate that any ruling by the District Court could result in the Trustee's claims in this adversary proceeding being barred by judicial estoppel.

C. **The First *Landis/Lockyer* Factor Weighs Against a Stay, Because a Stay May Cause Some Damage**

The first factor in the *Landis/Lockyer* analysis, "the possible damage which may result from the granting of a stay," weighs against a stay, because Honda's requested stay likely will

cause some damage. Although there is case law stating that "a delay in monetary recovery is minimal harm for purposes of the [discretionary stay] analysis," *Lively v. Caribbean Cruise Line, Inc.*, No. 2:14-cv-00953 JAM CKD, 2014 U.S. Dist. LEXIS 124377, at *9 (E.D. Cal. Sep. 3, 2014), the Trustee doubts that the creditors of the Estate would consider a further delay in recovery (especially a potentially years-long delay) on the claims asserted on their behalf to be "minimal harm". In any event, "even if a delay in Plaintiff recovering [its] damages is not sufficient harm on its own to justify [denial of] a stay, courts have also recognized that a civil plaintiff has an interest in having [its] case resolved quickly." *Sacro v. Brookdale Senior Living Cmtys., Inc.*, No. CV 17-02632-BRO (SSx), 2017 U.S. Dist. LEXIS 166678, at *14 (C.D. Cal. July 7, 2017) (internal quotation marks and citation omitted). Here, this adversary proceeding was already substantially delayed by the criminal proceedings in the District Court. The forfeiture proceedings in the District Court should not further delay the Trustee and the Estate's creditors in seeking redress of the harm caused by the transfers to Honda. Additionally, staying this adversary proceeding does not make sense while the Trustee is pursuing similar claims in multiple other adversary proceedings that will involve many of the same documents and witnesses, who surely would prefer to be deposed or called upon to provide trial declarations or testimony a single time if possible. Accordingly, the first factor weighs against granting Honda's requested stay.

**D.    The Second *Landis/Lockyer* Factor Weighs Against a Stay, Because Honda Has Not Established That It Would Suffer Any Cognizable Harm in the Absence of a Stay**

The second factor in the *Landis/Lockyer* analysis, "the hardship or inequity which a party may suffer in being required to go forward," weighs against the granting of a stay, because Honda has not demonstrated that it will suffer any harm that is cognizable under established Ninth Circuit law in the absence of a stay.

As an initial matter, Ninth Circuit law is clear that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). This rule accords with common sense; if merely being required to defend a lawsuit constituted sufficient harm for a defendant to

10

obtain a stay, very few lawsuits would proceed in a timely fashion.  Additionally, Honda received $1,350,000 of EA's money (and $1,675,000 of Gardner's money) for a Honda Jet in which neither EA nor Gardner received any ownership interest, at a time when EA was not paying its legitimate creditors, and accordingly it is hardly inequitable for Honda to be subjected to a suit for avoidance and recovery of the transfers it received from EA.

Honda attempts to suggest that it could suffer essentially two types of cognizable harm (i.e., harm over and above simply being required to defend the adversary proceeding) – first, "the potential for inconsistent rulings and resulting confusion" (Motion, page 6, lines 23-24), and second, "substantial, unrecoverable, and wasteful discovery and pretrial motion practice on matters that could be mooted or otherwise resolved in another proceeding" (Motion, page 6, line 25, through page 7, line 1).  However, Honda has failed to meet its burden of demonstrating that it would actually suffer either type of harm.

First, Honda has not established that there is a risk of inconsistent rulings prejudicial to Honda.  As an initial matter, since Honda is not a party to the forfeiture proceeding or the criminal case, there is no risk of the District Court entering any orders imposing liability on Honda.[4] Honda speculates that there could be "inconsistent rulings that:  (1) the Trustee has a claim to the proceeds from the sale of the Jet on the basis of the Transfers; and (2) at the same time, a determination in this case that Honda is required to return the very same transfers to the Trustee." Motion, page 8, lines 3-5.  However, if the District Court were to enter an order inconsistent with the Trustee's ability to prevail on his claims in this adversary proceeding (as Honda appears to believe is possible), Honda could simply make that order the basis of an appropriate motion in this adversary proceeding at that time.  Additionally, for the reasons set forth in Section II.B above, the Trustee does not believe that such rulings would be inconsistent.

Second, Honda has not established that this adversary proceeding is likely to become "moot" as a result of the forfeiture proceedings, and certainly not within a reasonable period of

---

[4] Additionally, of course, the fact that Honda is not a party to the forfeiture proceedings means that the denial of a stay will not result in Honda being required to "litigate similar claims on . . . two fronts," as mentioned in one of the cases cited by Honda.  Denying the stay will require Honda to do nothing more than defend a single adversary proceeding – exactly as the defendants in the other adversary proceedings brought by the Trustee are doing.

11

time. As set forth in Section II.B above, only full, final payment in the forfeiture proceedings of the Trustee's claims relating to the transfers to Honda would eliminate the need for the completion of this adversary proceeding. If the Trustee recovers anything less than the full amount owed to the Estate in the forfeiture proceedings, the Trustee will be entitled to seek payment of the remaining amount from Honda – which (as described in Section II.E below) will require exploration and proof of a number of facts and issues that are present in this adversary proceeding but not in the forfeiture proceedings. The possibility of such a full, final recovery in the forfeiture proceedings is sufficiently remote in both likelihood and time that Honda has not established that it would be harmed by being required to continue with the development of the facts and issues unique to this adversary proceeding.

### E. The Third *Landis/Lockyer* Factor Weighs Against a Stay, Because the Orderly Course of Justice Would Best Be Served by the Adversary Proceeding Going Forward

The third factor in the *Landis/Lockyer* analysis, "the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," also weighs against a stay, because staying the adversary proceeding likely would complicate rather than simplify the conclusion of the adversary proceeding. While, as noted above, the need for any further action in this adversary proceeding could be eliminated by full, final payment of the Trustee's claims in the forfeiture proceedings, any other outcome of the forfeiture proceedings is likely to have only limited effect on the issues in this adversary proceeding. While there are certain common issues (for example, whether $1.35 million of EA's funds were transferred to Honda, including EA's 33% contingency fee portion of the January 26, 2017 transfer of $2,500,000 to Honda, on which the District Court has tentatively ruled in the Trustee's favor), a number of other factual and legal issues important to this adversary proceeding will not be addressed in the forfeiture proceedings (for example, matters relating to proof of Avenatti's intent to hinder, delay, or defraud one or more creditors of EA, and matters relating to any defenses asserted by Honda). While those issues will not be addressed in the forfeiture proceedings, at least some of them will be addressed in the other adversary proceedings

12

brought by the Trustee in the EA bankruptcy case, currently pending before the Court.  The orderly course of justice would be best served by this adversary proceeding moving forward in conjunction with those other adversary proceedings, rather than being delayed for years while other courts consider only a fraction of the issues involved in this adversary proceeding.

### F. A Stay Is Inappropriate Because Final Resolution of the Forfeiture Proceeding May Be Several Years in the Future

The stay requested by Honda should be denied for the additional reason that Honda has not established that the forfeiture proceedings will be concluded within a reasonable time.  Under Ninth Circuit law, "a stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  Honda has asked that the adversary proceeding be stayed until "a final determination by the District Court regarding the Trustee's Claim."  Motion, page 8, line 21.  The Trustee assumes that the use of the term "final" refers to a determination that is no longer subject to further appeal.[5]  As set forth in Section I.B above, even the timing of the District Court's issuance of an order on the competing claims is uncertain (and may be substantially delayed if the Court accepts JFL's argument regarding the necessity of first litigating JFL's alter ego claims); and the timing of a final resolution is likely to be years in the future, given the reasonable likelihood of one or more of the four interested parties appealing the District Court's order.  Accordingly, Honda has not established the likelihood of a "final determination by the District Court regarding the Trustee's Claim" occurring within a reasonable time, and for this additional reason, its request for a stay should be denied.

/ / /

/ / /

/ / /

---

[5] A stay that terminates sooner, i.e., upon issuance of an order by the District Court even if such order is appealed, would be pointless and unnecessary, because (a) for the reasons set forth in Section II.B above, only full, final payment of the Trustee's claim would eliminate the need for further litigation in this adversary proceeding, and (b) if Honda believes that a District Court order should have that effect despite the absence of such full, final payment, Honda can simply bring an appropriate motion before this Court once such an order is entered.

13

### III. CONCLUSION

Honda has failed to meet its burden of demonstrating that the Court should exercise its discretion to defer consideration of this adversary proceeding in favor of the forfeiture litigation pending in the District Court, which may take years to reach final resolution. Accordingly, the Trustee respectfully requests that the Court deny the Motion.

Dated: November 28, 2023                    LANDAU LAW LLP

By:  /s/ John P. Reitman
    John P. Reitman
Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

14

# DECLARATION OF JOHN P. REITMAN

I, John P. Reitman, declare as follows:

1. I am a limited liability partner in Landau Law LLP ("Landau Law"), which serves as special litigation counsel for Richard A. Marshack, the Chapter 7 trustee for Eagan Avenatti, LLP, and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto under oath.

2. Under the terms of Landau Law's contingency fee employment approved by the Court, the contingency fee percentage to be paid to Landau Law increased, up to a certain maximum percentage, with the number of hours worked by Landau Law. However, Landau Law has already worked far in excess of the number of hours required for Landau Law to receive the maximum contingency fee percentage. Accordingly, whether or not Landau Law works additional hours in connection with the Adversary Proceeding will have no effect whatsoever on the contingency fee percentage to be received by Landau Law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 28, 2023, at Las Vegas, Nevada.

/s/ John P. Reitman
John P. Reitman

15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU LAW LLP, 141 South Windsor Blvd., Los Angeles, CA 90004.**

A true and correct copy of the foregoing document entitled (*specify*): **Plaintiff Trustee's Opposition to Defendant Honda Aircraft Company, LLC's Motion for Stay of Proceeding; Declaration of John P. Reitman in Support Thereof** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 28, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas Coker**    Thomas.coker@usdoj.gov, USACAC.criminal@usdoj.gov
- **Robert J Im**    robert.im@wilsonelser.com, irvineECF@mcglinchey.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Jack A. Reitman**    jareitman@gmail.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**    jreitman@landaufirm.com, vrichmond@landaufirm.com;amendes@landaufirm.com;hrichmond@landaufirm.com
- **Monica Rieder**    mrieder@landaufirm.com, vrichmond@landaufirm.com;amendes@landaufirm.com;hrichmond@landaufirm.com
- **Najah J Shariff**    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **Jolene Tanner**    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 5, 2023,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 28, 2023 | Hannah Richmond | */s/ Hannah Richmond* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**