JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
LANDAU LAW LLP
141 South Windsor Blvd.
Los Angeles, California 90004
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor<br><hr>RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>Plaintiff,<br><br>v.<br><br>HONDA AIRCRAFT COMPANY, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01150-SC<br><br>**SUPPLEMENTAL DECLARATION OF JOHN P. REITMAN IN CONNECTION WITH PLAINTIFF TRUSTEE'S REQUEST FOR FEES AND COSTS PER COURT'S DECEMBER 26, 2023 ORDER RE PLAINTIFF TRUSTEE'S MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE CONTEMPT FOR VIOLATION OF THIS COURT'S AUGUST 1, 2023 ORDER**<br><br>**Hearing Date and Time:**<br>Date: March 12, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701-4593 |

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**DECLARATION OF JOHN P. REITMAN**

I, John P. Reitman, declare as follows:

1. I am a limited liability partner in Landau Law LLP ("Landau Law"), which serves as special litigation counsel for Richard A. Marshack (the "Trustee"), the Chapter 7 trustee for the bankruptcy estate of Eagan Avenatti, LLP ("EA"), and the plaintiff in the above-captioned adversary proceeding. I make this declaration in connection with Landau Law's *Request for Fees and Costs Per Court's December 26, 2023 Order re Plaintiff Trustee's Motion for Issuance of an Order to Show Cause re Contempt for Violation of this Court's August 1, 2023 Order*, filed on January 19, 2024 [Docket No. 183] (the "Request"), in accordance with the Court's December 26, 2023 *Order re Plaintiff Trustee's Motion for Issuance of an Order to Show Cause re Contempt for Violation of this Court's August 1, 2023 Order* [Docket No. 174] (the "Contempt Order").

2. In the Request, Landau Law stated that it would file a supplement prior to the March 12, 2024 hearing on the Request establishing the amount of fees and costs incurred by Landau Law in responding to any opposition to the Request filed by the United States of America, on behalf of its agency the Internal Revenue Service (the "United States"). The Request also noted that the amount of fees (if any) incurred by Landau Law in connection with such a response would depend on how aggressively the United States chose to litigate Landau Law's fee request.

3. On February 9, 2024, the United States filed its opposition to the Request [Docket No. 190] (the "Opposition"). In addition to debating the appropriateness of a number of specific time and expense entries, the United States also argued that the Court should deny the entire Request on the basis of sovereign immunity (Opposition, pages 2-5) and that "any fee award against the United States must be capped at the statutory hourly rate of $244.62" under 28 U.S.C. § 2412(d)(2)(A) (Opposition, page 6, lines 2-3). As set forth in Landau Law's February 23, 2024 reply [Docket No. 204] (the "Reply"), the sovereign immunity argument was inappropriate because it ignored both that (a) the United States had already argued the sovereign immunity issue in the briefing leading to the Contempt Order and (b) the Court had already ordered an award of fees and costs, if sought by Landau Law and in an amount to be determined, in the Contempt Order. Landau Law therefore had to research and argue the facts and law regarding the United

1

States' effective request for reconsideration of the Contempt Order as well as the substantive legal issue of sovereign immunity. Additionally, as set forth in the Reply, the Opposition's arguments about sovereign immunity and the statutory fee cap both excluded the most relevant portions of the applicable law – namely, the statutory waiver of sovereign immunity in the present version of 11 U.S.C. § 106(a) (and related case law), and the qualifying language in 28 U.S.C. § 2412(d)(2)(A) permitting fee awards in excess of the default statutory cap (and related case law), respectively. The United States' strategic decision to omit those portions of the law from the Opposition required Landau Law to spend additional time on legal research and argument in preparing the Reply. Likewise, in one of its arguments about a specific time entry, the United States misrepresented one of the Court's statements at the hearing that led to the Contempt Order, requiring Landau Law to locate and quote the relevant portion of the transcript in its Reply. While the United States was, of course, free to oppose the Request, it should also be responsible for any additional fees and costs incurred as a result of the strategic choices it made in opposing the Request, including these choices to be less than entirely transparent about the relevant facts and law.

4. Landau Law spent a total of 22.3 hours in connection with the Reply, for a total of $10,396 in fees. Itemized billing records for the time spent by Landau Law in connection with the Reply are attached as **Exhibit F** (lettered sequentially after the exhibits accompanying the Request).

///
///
///
///
///
///
///
///
///

2

5. Landau Law therefore respectfully requests that the Court order the United States to pay Landau Law, as compensatory sanctions per the Contempt Order, a total of $58,579 in fees ($38,847 incurred in connection with the motion for an order to show cause re contempt (the "Motion") and the second deposition of retired IRS special agent Remoun Karlous (the "Second Deposition") + $9,336 in fees incurred in connection with the Request + $10,396 in fees incurred in connection with the Reply) and $1,921.35 in costs ($1,649.35 incurred in connection with the Motion and Second Deposition + $272 incurred in connection with the Request), for a grand total of $60,500.35.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2024, at Las Vegas, Nevada.

                                                /s/ John P. Reitman
                                                      John P. Reitman

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

# EXHIBIT F

| Entry Date | Timekeeper | Rate | Time | Amount | Narrative |
|---|---|---|---|---|---|
| 2/21/2024 | Monica Rieder | $530.00 | 2.70 | $1,431.00 | Review and analysis of IRS fee objection (.4); telephone conference with (.2) and draft correspondence to (.1) J. Reitman re same and re response; begin legal research re same (2.0). |
| 2/22/2024 | Monica Rieder | $530.00 | 8.40 | $4,452.00 | Finish legal research re IRS fee reply (5.0); begin drafting reply (3.0); telephone conferences with J. Reitman (.3) and draft correspondence to H. Richmond (.1) re same. |
| 2/23/2024 | John Reitman | $580.00 | 0.40 | $232.00 | Telephone conference with M. Rieder re additional information for reply brief and my declaration re IRS fee objection. |
| 2/23/2024 | Monica Rieder | $530.00 | 6.90 | $3,657.00 | Finish drafting IRS fee reply (5.0) and draft supporting Reitman declaration (1.0); telephone conferences with J. Reitman (.4) and H. Richmond (.1) and correspondence with J. Reitman and H. Richmond (.4) re same and re filing and service. |
| 2/23/2024 | Hannah Richmond | $160.00 | 3.90 | $624.00 | Prepare and finalize Reply ISO Request for Fees and Costs associated with Contempt Motion, including preparation of tables of contents and authorities (3.5); telephone conference and e-correspondence with M. Rieder re same (.4). |
| | | **TOTALS:** | **22.30** | **$10,396.00** | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU LAW LLP, 141 South Windsor Blvd., Los Angeles, CA 90004.**

A true and correct copy of the foregoing document entitled (*specify*): **Supplemental Declaration of John P. Reitman in Connection with Plaintiff Trustee's Request for Fees and Costs Per Court's December 26, 2023 Order Re Plaintiff Trustee's Motion for Issuance of an Order to Show Cause Re Contempt for Violation of this Court's August 1, 2023 Order** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 6, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)**,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 6, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 6, 2024 | Hannah Richmond | */s/ Hannah Richmond* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**:

- **Thomas Coker**    Thomas.coker@usdoj.gov, USACAC.criminal@usdoj.gov
- **Robert J Im**    rim@ghidottiberger.com, irvineECF@mcglinchey.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Jack A. Reitman**    jareitman@gmail.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**    jreitman@landaufirm.com, vrichmond@landaufirm.com;amendes@landaufirm.com;hrichmond@landaufirm.com
- **Monica Rieder**    mrieder@landaufirm.com, vrichmond@landaufirm.com;amendes@landaufirm.com;hrichmond@landaufirm.com
- **Najah J Shariff**    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **Jolene Tanner**    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**